No. 00-811

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 111

STATE OF MONTANA,

Plaintiff and Respondent,

v.

PAUL EDMOND SMITH,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl Jensen, Cascade Count Public Defender's Office, Great Falls, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Cregg W. Coughlin, Assistant Montana Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: April 5, 2001
Decided: June 29, 2001

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Appellant, Paul Edmond Smith (Smith) was convicted in 1997 of felony theft, burglary and unauthorized control of a motor vehicle, and was given a suspended sentence. Smith violated the conditions of his suspended sentence and was arrested in July of 2000. Following a hearing, the District Court found him in violation of the terms of his suspended sentence, revoked his original sentence and imposed a new one. Smith appeals the portions of his new sentence that require him to attend parenting classes, and to pay $900 in jail costs. We affirm in part, reverse in part, and remand.

¶2 There are two issues on appeal:

¶3 1. Whether the District Court abused its discretion in requiring Smith to attend parenting classes; and

¶4 2. Whether the District Court erred in ordering Smith to pay the costs of his incarceration in the sum of $900.

## Facts

¶5 Smith was convicted in 1997 of felony theft, burglary and unauthorized control of a motor vehicle, pursuant to a plea agreement. He was sentenced to two concurrent three year terms in prison and six months in the Cascade County Detention Center. All prison time was suspended, with conditions, and Smith was placed under the supervision of the Adult Probation and Parole Bureau.

¶6 Smith ultimately violated his parole when he issued two bad checks, and left the state and began living in Spokane, Washington without contacting his parole officer. As both of these acts violated the terms of his suspended sentence, a petition was filed to revoke the suspended sentence in May 1998. A bench warrant was issued for Smith's arrest, and he was eventually taken into custody in July of 2000.

¶7 Following a hearing at which Smith did not contest the facts behind his violation, the District Court found that Smith had violated the conditions of his suspended sentence and revoked the sentences given previously. The new sentence included two concurrent three year prison terms with one year suspended, and six months in the county detention center. Moreover, as additional sentencing conditions, Smith was ordered to attend parenting classes and pay the costs of his jail incarceration in the amount of $900. Smith appeals from the imposition of the latter new conditions.

## Standard of review

¶8 We review a criminal sentence for legality only (i.e., whether the sentence is within the statutory parameters). *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.

## Discussion

¶9 **Issue 1. Whether the District Court had authority to impose the condition that Smith attend parenting classes.**

¶10 Smith argues that the District Court exceeded its authority in requiring him to attend parenting classes as a condition of his sentence. He argues that while the court is given authority to impose conditions on a suspended sentence under §§ 46-18-201-202, MCA, such conditions must have "some correlation or connection to the underlying offense for which the defendant is being sentenced." *State v. Ommundson,* 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11.

¶11 The State responds that the parenting classes are a reasonable condition of Smith's sentence because during the revocation hearing, Smith argued that his family needed him in an attempt to convince the judge to be lenient in making the sentencing decision.

¶12 This Court held in *Ommundson* that there must be some relationship between the underlying charge and the conditions of the sentence given. *Ommundson*, ¶ 11. A district court's authority to impose restrictions necessary for the rehabilitation of the defendant or the protection of society is broad, but not without limit. In order to be "reasonably related to the objectives of rehabilitation and protection of the victim and society . . . a sentencing limitation or condition must have . . . some correlation or connection to the underlying offense for which the defendant is being sentenced." *Ommundson*, ¶ 11. In *Ommundson*,

we reversed a condition of a district court sentence which required the defendant, who had been convicted of driving under the influence of alcohol, to participate in a sex offender treatment program because there was no nexus between that condition and the defendant's offense. *Ommundson*, ¶ 12.

¶13 Section 46-18-202(1), MCA, allows the imposition of limitations "reasonably related to the objectives of rehabilitation and the protection of the victim and society." The "rehabilitation" and "protection of the victim and society" referenced in the sentencing statute must be read in the context of the charged offense. Section 46-18-202(1), MCA. That is, the objectives are: (1) to rehabilitate the offender by imposing restitution or requiring treatment so that he or she does not repeat the same criminal conduct that gave rise to the sentence; and (2) to protect society from further similar conduct. *Ommundson*, ¶ 11

¶14 In the present case, there simply is no nexus between the requirement that Smith participate in parenting classes and the charged offenses. Smith was convicted of felony theft, burglary and unauthorized control of a motor vehicle. None of these offenses have anything to do with Smith's children. Although parenting classes may be beneficial to Smith and his family, they cannot be made a condition of his sentence where they bear no relation to the conduct for which Smith was convicted. This condition of Smith's sentence is not reasonably related to the rehabilitation of Smith or the protection of society from an offender convicted of felony theft and burglary. Therefore, we reverse the decision of the District Court on this issue.

¶15 **Issue 2. Whether the District Court erred in ordering Smith to pay the costs of his incarceration**.

¶16 The District Court ordered Smith to pay his incarceration costs in the amount of $900. Smith argues that the District Court failed to consider the impact of these costs as required by § 46-18-232(2), MCA. In response, the State argues that Smith waived his right to appeal this issue by not objecting at the revocation hearing.

¶17 Section 46-18-232(2), MCA, authorizes the trial court to impose payment of costs upon the defendant as part of his sentence, but with certain limitations:

> The court may not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs the

court shall take into account the financial resources of the defendant and the nature of the burden that payment of costs will impose.

¶18 Whether a defendant has the ability to pay the costs of his incarceration or other costs as a part of his sentence is a significant question that the District Court must inquire into prior to imposing the sentence. *State v. Hubbel, 2001 Mont. 31, ¶ 38, 304 Mont. 184, ¶ 38, 20 P.3d 111, ¶ 38.* However, the State is correct that Smith did not object to the District Court's imposition of costs in the record below. It is well established that for this Court to address an issue on appeal, the issue must have first been raised in the District Court. *State v. Woods* (1997), 283 Mont. 359, 372, 942 P.2d 88, 96-97. The District Court cannot be held in error for mistakes it was not given the opportunity to correct. *State v. Rogers* (1993), 257 Mont. 413, 419, 849 P.2d 1028, 1032.

¶19 We therefore affirm the condition that Smith pay for the costs of his incarceration, and we reverse that part of the sentence requiring that he attend parenting classes. This matter is remanded to the District Court for further proceedings consistent with this opinion.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE