No. 00-495

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 180

STATE OF MONTANA,

Plaintiff and Respondent,

v.

KEVIN SHOCKLEY,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl Jensen, Attorney at Law, Great Falls, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Carol E. Schmidt,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney; Julie Macek, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs: May 17, 2001
Decided: August 30, 2001

Filed:

_____

Clerk


Justice Jim Regnier delivered the Opinion of the Court.

¶1 Kevin Shockley appeals from a Dispositional Order entered by the Eighth Judicial District Court, Cascade County, partially revoking his suspended sentence and imposing upon him the cost of his incarceration. Shockley's appeal presents the following issues:

¶2 1. Did the District Court err when it imposed the additional condition of payment for the cost of confinement when revoking part of Shockley's suspended sentence?

¶3 2. Did the District Court violate the prohibition against double jeopardy when it sentenced Shockley in 1984?

¶4 We vacate in part.

## BACKGROUND

¶5 Kevin Shockley was charged by Information in Cascade County on January 27, 1987, for the offense of robbery, a felony, in violation of § 45-5-401(1)(b), MCA (1985), and theft, a felony, in violation of § 45-6-301(1)(a), MCA (1985). Shockley subsequently entered a plea agreement in which he agreed to plead guilty to the offense of robbery and the State agreed to drop the theft charge and make recommendations regarding sentencing. On November 20, 1987, the District Court sentenced Shockley to ten years for the crime of robbery with five years suspended on the condition that Shockley make restitution in the sum of $527.51. The District Court also sentenced Shockley to ten years with five years suspended for being a persistent felony offender. The sentences were to run consecutively.

¶6 On February 2, 1994, the State filed a petition for revocation of Shockley's suspended sentence for violations and a warrant for his arrest. Shockley admitted to violations of his suspended sentence and, in May 1994, the court ordered Shockley to continue on parole on the condition that he pay the previously ordered restitution within six months.

¶7 On February 3, 1995, the State again filed a petition for revocation of Shockley's suspended sentence for violating the terms of his probation. A warrant was issued for Shockley's arrest and he was arrested on March 27, 2000. Upon return to Montana, he subsequently admitted to violations of his probation. The court partially revoked Shockley's suspended sentence by revoking three years and continuing two years suspended for the offense of robbery. The District Court continued Shockley's five year suspended sentence for his designation as a persistent felony offender. The court also imposed additional conditions, including requiring Shockley to pay $4,590 for the cost of his confinement at the Cascade County Detention Center. Shockley's counsel objected to these conditions, and Shockley now appeals.

## STANDARD OF REVIEW

¶8 We generally review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. *State v. Nelson*, 1998 MT 227, ¶ 16, 291 Mont. 15, ¶ 16, 966 P.2d 133, ¶ 16. Where the issue is whether a court followed statutory requirements applicable to revocation of a suspended sentence, however, the question raised is a matter of law, and our review is plenary. *Nelson*, ¶ 16. We decide the case sub judice pursuant to this latter standard.

## ISSUE ONE

¶9 Did the District Court err when it imposed the additional condition of payment for the cost of confinement when revoking part of Shockley's suspended sentence?

¶10 Shockley was originally sentenced in November 1987. The sentencing statutes in effect at that time provided, in relevant part:

> Revocation of suspended or deferred sentence. (1) A judge . . . who has suspended the execution of a sentence . . . of imprisonment under 46-18-201 or his successor is authorized in his discretion to revoke the suspension or impose sentence and order the person committed.

Section 46-18-203(1), MCA (1987).

¶11 In the present case, the District Court imposed new conditions including $4,590 for

the cost of Shockley's incarceration at the Cascade County Detention Center prior to his detention hearing. Both parties agree that pursuant to *State v. Leistiko* (1992), 256 Mont. 32, 844 P.2d 97, the District Court did not have the authority to impose a new condition. The State urges us to remand the case to the District Court for reconsideration of Shockley's revocation. We conclude the proper remedy is to strike that portion of the sentence that is illegal. *See Leistiko,* 256 Mont. at 33, 844 P.2d at 98 (vacating that portion of the sentence which was illegal). Thus, the portion of the sentence mandating payment of the $4,590 costs is vacated and the judgment is amended to that limited extent.

## ISSUE TWO

¶12 Did the District Court violate the prohibition against double jeopardy when it sentenced Shockley in 1984?

¶13 Shockley alleges that, in a completely separate prosecution from the instant case, the District Court violated the double jeopardy clause in 1984 by sentencing him twice for the same offense. This allegation apparently concerns a felony theft conviction entered by the Eighth Judicial District Court, Cascade County, on March 28, 1984. Shockley contends that he was first sentenced to five years on the charge and then two days later brought before the same court and resentenced to seven years with two suspended.

¶14 We are without jurisdiction to address this issue. Rule 5(b), M.R.App.P., requires that, "[i]n criminal cases an appeal from a judgment . . . must be taken within 60 days." Shockley has presented us with no evidence that an appeal from his 1984 conviction was timely made.

¶15 Vacated in part.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER