No. 00-089

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 13

STATE OF MONTANA,

Plaintiff/Respondent,

v.

DENNIS BRISTER

Defendant/Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen, Jr., Cascade County Public Defenders' Office, Great Falls, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Mark W. Mattioli, Assistant Montana Attorney General, Helena, Montana; Brant Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: January 17, 2002
Decided: January 29, 2002

Filed:

_____

Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 In July 1984, Dennis Brister (Brister) was sentenced to the Montana State Prison (MSP) for twenty years, ten years of which were suspended, for the felony crime of sexual assault, after being found guilty of sexually assaulting two of his young nieces. After serving his time at MSP, he began his ten-year suspended sentence in December 1992. In May 1998, he committed felony theft and was sentenced to five years with the Montana Department of Corrections. As a result of this felony, Brister's ten-year suspended sentence for sexual assault was revoked and replaced with another ten-year suspended sentence conditioned upon compliance with twenty-six specifically defined sentencing conditions. Brister contends that many of these conditions were not, nor could have been, included in his original sexual assault sentence, and must be stricken. However, he does not provide this Court with his original conditions of probation. Brister appeals the imposition of the new conditions, claiming they are in violation of his constitutional protections from double jeopardy and ex post facto laws. We reverse and remand.

## ISSUES

¶2 The following is a restatement of the issues.

> 1. Did Brister waive his objections by failing to contemporaneously object when the sentence was pronounced and did he file a timely appeal from the District Court's sentence?

> 2. Did the District Court's sentence violate Brister's constitutional protections against double jeopardy?

> 3. Did the District Court err in imposing new conditions upon a continuation of Brister's suspended sentence?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On July 12, 1984, Brister was sentenced to the MSP for twenty years, ten years suspended, for the felony crime of sexual assault, after being found guilty of sexually

assaulting two of his young nieces. He was released and began his ten-year suspended sentence in December 1992. Under his original sentence, he was subject to the rules and regulations of the Adult Probation and Parole Field Services Office during his entire suspension period. Brister signed the set of rules applicable to his suspended sentence on December 22, 1992, but did not provide a copy of these rules to the District Court or this Court for the record in this case.

¶4 On May 22, 1998, Brister was charged with felony theft by the Missoula County Sheriffs Department and on June 4, 1998, was placed in the Missoula County Jail on a $10,000.00 bond. According to Brister's voluntary interview with a detective for the Sheriff's Department, Brister, while under the influence of alcohol and drugs, stole numerous firearms and ammunition, among other items, from a neighbor for the purpose of selling them. Upon sobering up, however, he reconsidered this moneymaking venture and disposed of the guns and ammunition at various locations.

¶5 Brister entered into a plea agreement with the Montana Department of Corrections (DOC) under which he would serve five years for felony theft.

¶6 This felony theft was committed before Brister's ten-year suspended sentence for sexual assault had run and, during its commission, Brister violated various conditions of his probation. On June 12, 1998, Brister's probation and parole officer prepared a Report of Violation in which he listed three probation/parole violations: 1) failing to comply with all applicable laws; 2) drinking alcohol, and 3) testing positive for marijuana use.

¶7 On June 18, 1998, a Cascade County Deputy Attorney filed a Petition for Revocation of Brister's ten-year suspended sentence based upon Brister's felony theft charge and admissions and Brister's parole officer's Report of Violation. The Petition requested that the District Court issue a warrant for Brister's arrest on probation/parole violations. A bench warrant was issued on June 18, 1998, by District Judge Marge Johnson, of the Montana Eighth Judicial Court, Cascade County, in conjunction with an Order revoking Brister's suspended sentence. At Brister's first Answer Hearing on September 30, 1998, Brister answered "Not True" to the parole violation charges but subsequently reappeared on October 20, 1998, and changed his answers to "True."

¶8 While awaiting a Disposition Hearing for the probation/parole violations, Brister underwent a sexual offender evaluation as required under § 46-18-111, MCA (1983). This evaluation was performed on April 1, 1999, the report of which was relied upon by the

District Court judge at Brister's Disposition Hearing on July 21, 1999. At the Hearing, Judge Johnson orally pronounced sentence. She revoked Brister's ten-year suspended sentence but reimposed another ten-year suspended sentence to run consecutively to the five-year felony theft sentence. This new ten-year suspended sentence was conditioned upon Brister complying with twenty-six specific conditions. These conditions included, *inter alia*, that Brister pay various costs and fees, such as victim counseling and restitution, supervision, confinement, workers compensation, victim witness, felony charges, and court information technology fees. (Conditions 10-13 and 22-24 respectively.) Additionally, in the interests of community safety, Judge Johnson imposed several restrictions on Brister's access to children by prohibiting him from 1) living within three blocks of a school (Condition 18); 2) working or being around children, including his own four year old son and his three stepsons, without supervision by someone specially trained to supervise sexual offenders (Conditions 19 and 21); and 3) being placed in a position of authority over children (Condition 20). Brister was also designated a level II sexual offender and required to register as a sexual offender with law enforcement communities. (Condition 27). Brister did not object to any of these conditions at the time they were imposed.

¶9 Brister filed an Objection, under § 46-18-117, MCA (1999) (now repealed), to the District Court's Sentence on September 21, 1999. In his objection, Brister claimed that the conditions imposing the payment of fees (Conditions 10-13 and 22-24), those designed to limit his access to children (Conditions 18-21) and the condition requiring that he register as a sex offender with the State (Condition 27) were not included in his original suspended sentence. He further argued that several of the additional conditions could not have been included in his original sentence because the statutory authority for them had not yet been adopted. Brister maintained that the additional conditions were violations of the protections against double jeopardy and ex post facto laws. He requested that the District Court correct his sentence by removing the additional conditions.

¶10 In its Response to Brister's objection, the State made no mention of Brister's ex post facto claim but responded only to the double jeopardy claim, indicating that it was "unable to address [Brister's] argument on this point until such time as it is presented at a hearing before the Court." The State then requested a hearing on the matter. A hearing was never set and the Court did not issue any further order on the matter.

¶11 Brister filed his notice of appeal from the District Court's "denial of [his] Motion to Correct Sentence" on January 4, 2000.

## STANDARD OF REVIEW

¶12 We generally review a district court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. *State v. Shockley,* 2001 MT 180, ¶ 8, 306 Mont. 196, ¶ 8, 31 P.3d 350, ¶ 8 (citing *State v. Nelson*, 1998 MT 227, ¶ 16, 291 Mont. 15, ¶ 16, 966 P.2d 133, ¶ 16). Where the issue is whether a court followed statutory requirements applicable to revocation of a suspended sentence, however, the question raised is a matter of law, and our review is plenary. *Shockley*, ¶ 8. We decide the case *sub judice* pursuant to this latter standard.

## DISCUSSION

¶13 The State raises the following timeliness issues: Did Brister waive his objections by failing to contemporaneously object when the sentence was pronounced, and did he file a timely appeal from the District Court's sentence?

¶14 The State argues that because Brister failed to object to the conditions of his current suspended sentence during his sentencing hearing, Brister's present objections are untimely and, therefore, waived. The State cites § 46-20-104(2), MCA, which states that "[f]ailure to make a timely objection during trial constitutes a waiver of the objection" unless certain exceptions, not applicable to this case, apply.

¶15 This Court has stated on numerous occasions that a defendant must raise an objection in a timely manner or the objection is waived and this Court will not hear it on appeal. *See, e.g., State v. Baker*, 2000 MT 307, ¶ 30, 302 Mont. 408, ¶ 30, 15 P.3d 379, ¶ 30; *State v. Harris*, 1999 MT 115, ¶ 11, 294 Mont. 397, ¶ 11, 983 P.2d 881, ¶ 11. Additionally, we have repeatedly stated that an important purpose of contemporaneous objections is to give the trial judge the first opportunity to correct any error. *See State v. Tucker, 2000 MT 255, 301 Mont. 466, 10 P.3d 832; State v. Clausell, 2001 MT 62, 305 Mont. 1, 22 P.3d 1111; State v. Finley (1996), 276 Mont. 126, 915 P.2d 208 (overruled in part on other grounds by State v. Gallagher, 2001 MT 39, 304 Mont. 215, 19 P.3d 817); State v. Weinberger (1983), 204 Mont. 278, 665 P.2d 202.*

¶16 Notwithstanding the wisdom of this rule, this Court has established a narrow but important exception. In *State v. Lenihan* (1979), 184 Mont. 338, 602 P.2d 997, we held that "the better rule [is] to allow an appellate court to review any sentence imposed in a

criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000. Thus, even if a defendant fails to contemporaneously object at sentencing, we will accept jurisdiction of an appeal that has been timely filed which alleges that a sentence is illegal or exceeds statutory authority.

¶17 The *Lenihan* rule should not be confused with the "plain error" rule, under which this Court may, in exceptional cases, discretionarily review a claimed error which affects fundamental constitutional rights where failing to review the claim may result in "a manifest miscarriage of justice, leave unsettled the question of fundamental fairness of the proceedings or compromise the integrity of the judicial process." *Harris*, 1999 MT 115, ¶ 12, 294 Mont. 397, ¶ 12, 983 P.2d 881, ¶ 12. The *Lenihan* rule is much narrower than the "plain error" doctrine, as it deals specifically with post-trial sentencing rather than the fundamental fairness of a trial.

¶18 *Lenihan* aside, we are also faced here with the application of § 46-18-117, MCA (1999) (now repealed). Section 46-18-117, MCA (1999), authorized the district court to correct an erroneous sentence or disposition at any time and to correct a "sentence imposed in an illegal manner within 120 days after the sentence is imposed or after remand from an appellate court." While Brister did not voice any objection at his sentencing hearing, he nonetheless provided the District Court with an opportunity to correct any sentencing errors by filing an objection to the court's sentence under § 46-18-117, MCA (1999), on September 21, 1999. Shortly thereafter, the State requested an extension of time in which to respond to Brister's reconsideration request. The State's response, filed on October 29, 1999, requested that the District Court schedule a hearing to address the issues raised in Brister's objection. Sixty days elapsed from the filing of the State's request for a hearing and the District Court neither responded to Brister's objection nor to the State's request. Brister therefore concluded, not illogically, that the State's request for a hearing was deemed denied, and in an effort to preserve his right to appeal, he filed his Notice of Appeal.

¶19 In *State v. St. John*, 2001 MT 1, ¶ 16, 304 Mont. 47, ¶ 16, 15 P.3d 970, ¶ 16, we were asked to determine whether St. John was barred from raising certain issues on appeal. We stated, "[o]ur review of the record reveals that St. John did not object to the District Court's failure to consider sentencing alternatives under § 46-18-225, MCA, **nor did he request reconsideration of the court's sentence under § 46-18-117, MCA.**" (Emphasis provided). In the case at bar, Brister did request reconsideration of the court's sentence

under § 46-18-117, MCA (1999), and he promptly filed his notice of appeal upon expiration of the 120 days allowed for correction of the sentence. Therefore, we conclude that while he failed to contemporaneously object to the District Court's sentence, under the rationales of both *Lenihan* and *St. John*, Brister retains his right to appeal his purportedly illegal sentence.

¶20 The State argues that Rule 5(b), M.R.App.P., requires that, "in criminal cases an appeal from a judgment . . . must be taken within 60 days. . . ." The State maintains that because Brister filed his appeal on January 4, 2000, from a written judgment entered on August 27, 1999, his appeal is untimely and should be dismissed by this Court. We disagree. The combined application of Rule 5(b), M.R.App.P., § 46-18-117, MCA (1999), and the *St. John* case compels a different result. While Rule 5(b), M.R.App.P., instructs an appellant to file an appeal within 60 days in a criminal case, § 46-18-117, MCA (1999), allows the district court to "correct a sentence imposed in an illegal manner within 120 days after the sentence is imposed." As explained above, Brister requested such a correction. We therefore conclude that, under the specific facts in this case, Brister preserved his right to appeal.

¶21 We note that this Court has been somewhat inconsistent in the past, when addressing the question of whether failure to contemporaneously object to an illegal sentence at the time it is pronounced results in a waiver of the issue on appeal. It seems we established the sound rule in *Lenihan*, then inexplicably departed from it at times, while reaffirming it at others. To the extent we have previously ruled in *State v. Smith*, 2001 MT 111, 305 Mont. 298, 27 P.3d 39, *State v. St. John*, 2001 MT 1, 304 Mont. 47, 15 P.3d 970, and *State v. Taylor*, 2000 MT 202, 300 Mont. 499, 5 P.3d 1019, that failure to raise a contemporaneous objection to an illegal sentence at the time of hearing results in a waiver of the defendant's objection, we overrule these cases as to that issue.

¶22 We next address whether the District Court's sentence violated Brister's constitutional protections against double jeopardy.

¶23 Brister directed his attorney to argue that imposing the new conditions in his suspended sentence constituted a second sentencing for a single crime and, therefore, violated his rights against double jeopardy. He states that, as a result, the case should be dismissed in its entirety. Brister's attorney concedes that he finds no basis for this claim, and therefore no argument was included in Brister's appeal on this issue.

¶24 This Court has held on several occasions that revocation of a suspended sentence based upon violations of probationary conditions and reinstatement of the original sentence does not violate a person's constitutional rights against double jeopardy. *State v. Oppelt* (1979), 184 Mont. 48, 601 P.2d 394; *State v. Lange* (1989), 237 Mont. 486, 775 P.2d 213; *State v. Walker*, 2001 MT 170, 306 Mont. 159, 30 P.3d 1099. Based upon the analysis and conclusion below, we need not address whether the inclusion of the additional conditions is also a violation of his rights against double jeopardy.

¶25 We last examine whether the District Court erred in imposing new conditions upon Brister's suspended sentence, when it reimposed a ten-year suspended sentence upon terms and conditions not contained in Brister's original sentence.

¶26 Brister was charged by information on September 12, 1983, for the August 1983 assault against his niece. He was originally sentenced in 1984. We have held that the law in effect at the time of the commission of the crime controls as to the possible sentence. *State v. Stevens* (1995), 273 Mont. 452, 904 P.2d 590. Therefore, we look to the revocation statute in effect at the time Brister committed his crime to determine what conditions the District Court could fairly and legally impose upon reinstatement of Brister's suspended sentence.

¶27 The revocation statute in effect at the time Brister committed the offense was § 46-18-203, MCA (1983). This statute provided the district court in a revocation proceeding two alternatives--either revoke the suspended sentence and order the defendant to serve the remainder of his prison term, or continue the suspended sentence under the original terms. Here, the District Court did neither. Rather, it reimposed a suspended sentence conditioned upon multiple new conditions and terms not contained in the original sentence. This course of action was not permitted under the revocation statute in effect at the time Brister's crime was committed. Therefore, the District Court had no authority to impose new conditions upon the continuation of Brister's suspended sentence. *State v. Leistiko* (1992), 256 Mont. 32, 844 P.2d 97 (citation omitted); *Shockley, ¶* 11.

¶28 Having concluded the District Court exceeded its authority in imposing new conditions upon the continuation of Brister's suspended sentence, we again turn to the statute in effect at the time Brister committed his crime to determine what alternatives were available to the District Court. As noted above, the statute in effect in 1983 gave the District Court two alternatives -- either revoke the suspended sentence and order Brister to serve the remainder of his prison term, or continue his suspended sentence under its

original terms. Section 46-18-203, MCA (1983). In the past, we have resolved a similar problem by simply vacating the offending new conditions. *Shockley*, ¶ 11. However, because it is readily apparent that the District Court expended considerable effort in fashioning new terms and conditions to attach to Brister's suspended sentence, we are unable to surmise what the court would have chosen to do had it realized it was limited to the two statutory choices discussed above. Therefore, we conclude the proper remedy here is to remand this matter to the District Court for a new disposition hearing in which to determine whether to strike all the new conditions added by the Court and continue Brister's suspended sentence under the original conditions, or revoke suspension and order Brister committed to the Montana Department of Corrections for the remainder of his sentence, as permitted under § 46-18-203, MCA (1983).

¶29 We therefore reverse and remand for further proceedings consistent with this Opinion.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ JIM RICE