No. 02-165

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 300

STATE OF MONTANA,

   Plaintiff and Respondent,

  v.

SAMUEL M. GEORGE,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Fifth Judicial District,
       In and for the County of Jefferson,
       The Honorable Loren Tucker, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     Mathew J. Johnson, Jackson Creek Law Office, Clancy, Montana

   For Respondent:

     Mike McGrath, Montana Attorney General, Cregg W. Coughlin, Assistant
     Montana Attorney General, Helena, Montana; Valerie Wilson, Jefferson
  County Attorney, Boulder, Montana

           Submitted on Briefs: November 26, 2002

              Decided: December 12, 2002

Filed:

_____
       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Samuel M. George appeals an order of the District Court for the Fifth Judicial District, Jefferson County, denying his motion to remove a fine from his sentence. We affirm.

¶2 We address the following issue on appeal: Whether the District Court correctly found that the fine was due and owing.

## Factual and Procedural Background

¶3 On September 4, 1997, George was charged by Information with criminal production or manufacture of dangerous drugs, a felony, in violation of § 45-9-110, MCA; criminal possession of dangerous drugs with intent to sell, a felony, in violation of § 45-9-103, MCA; and use or possession of property subject to criminal forfeiture, a felony, in violation of § 45-9-206, MCA. George filed an Acknowledgment of Rights and Pre-Trial Agreement on March 20, 1998. That same day, George pled guilty to the charge of criminal production or manufacture of dangerous drugs and the State moved to dismiss the remaining charges.

¶4 A sentencing hearing took place on July 20, 1998. For the felony offense of criminal production or manufacture of dangerous drugs, the court sentenced George to a term of ten years with the Department of Corrections and ordered him to pay a fine of $5000. The court suspended five years of the ten-year sentence subject to George's continued supervision by Adult Probation and Parole and compliance with such rules as may be imposed, including continued counseling; remaining drug and alcohol free and voluntarily submitting to any confirming tests; and payment of his fine within three years of his release.

2

¶5 George applied to the Sentence Review Division of this Court for review of his sentence. His application for review was heard by the Sentence Review Board (the Board) on November 5, 1998. On November 30, 1998, the Board determined that the original sentence was contrary to § 46-18-201(1)(e), MCA (1997), which provided that whenever a person was found guilty of an offense, a district court may "commit the defendant to the department of corrections for a period not to exceed 5 years for placement in an appropriate correctional facility or program." Thus the Board amended George's sentence from a ten-year commitment to the Department of Corrections with five years suspended to a five-year commitment to the Department of Corrections with none of the time suspended.

¶6 George was paroled from the Montana State Prison on November 4, 1999. On November 7, 2001, the State moved the District Court for an order to show cause why money owed to George for lost personal property should not be applied toward his unpaid fine. In his *pro se* response to the motion, George claimed that the fine was merely a condition of the suspended portion of the commitment. Hence, he argued that he was not bound to pay a fine or meet any of the other conditions required for a suspended sentence because the Board had eliminated the suspended portion of his sentence.

¶7 A show cause hearing was held on December 19, 2001. The State presented evidence concerning the lost property and George moved the District Court to remove the fine from the judgment. The court denied George's motion and ruled that George was required to pay the fine. The court awarded George credit toward the unpaid fine for the value of the lost property. George appeals.

3

**Discussion**

¶8 *Whether the District Court correctly found that the fine was due and owing.*

¶9 George contends that the fine was a condition of his suspended sentence and, since his suspended sentence was negated, the fine should be removed. He relies on § 46-18-201(4)(e), MCA, which provides in pertinent part:

> When deferring imposition of sentence or suspending all or a portion of execution of sentence, the sentencing judge may impose upon the offender any reasonable restrictions or conditions during the period of the deferred imposition or suspension of sentence. Reasonable restrictions or conditions imposed under subsection (1)(a) or (2) may include but are not limited to:
>
> . . . .
> (e) payment of a fine as provided in 46-18-231; . . .

¶10 George's argument is without merit. The fine imposed in the District Court's August 3, 1998 Findings, Judgment & Sentence was not imposed as a condition of his suspended sentence, but rather, as a separate and independent condition of his sentence. The Findings, Judgment & Sentence stated the following:

> I. The Defendant SAM GEORGE is hereby sentence[d] to a term of ten years with the Department of Corrections, with credit for 9 days served in the County Jail.
> II. *The Defendant is further assessed a fine of $5,000* and the mandatory surcharge of $25.00, payable as hereinafter provided.
> III. Five years of the ten year term is hereby SUSPENDED, subject however to the following conditions:
> A. Continued supervision by Adult Probation and Parole and compliance with such rules as may be imposed, including continued counseling.
> B. Remain drug and alcohol free and voluntarily submit to any confirming tests.
> C. That he devise with his supervision parole officer a practical installment plan for the payment of his fine. The fine shall be paid in full within three years of his release. [Emphasis added.]

4

¶11     As noted, the District Court's August 3, 1998 judgment did not make the fine itself conditional. The court suspended five years of George's sentence if he entered into an installment payment plan with his supervising officer. But, since the fine itself was not conditional on the suspended sentence, the Board's removal of the suspended sentence did not relieve George of his obligation to pay the fine.

¶12     Furthermore, while Montana law allows a sentencing court to impose a fine as a condition of a suspended sentence, § 46-18-201(3), MCA, also allows a sentencing court to commit a person to the Department of Corrections *and* impose a fine.

> Whenever a person has been found guilty of an offense upon a verdict of guilty or a plea of guilty or nolo contendere, a sentencing judge may impose a sentence that may include:
>     (a)  *a fine as provided by law for the offense;*
>     . . . .
>
>     (c)  a term of incarceration at a county detention center or state prison, as provided in Title 45, for the offense;
>     (d)  commitment of:
>     (i)  an offender not referred to in subsection (3)(d)(ii) to the department of corrections, with a recommendation for placement in an appropriate correctional facility or program; however, all but the first 5 years of the commitment to the department of corrections must be suspended; or
>     . . . .
>     (h)  *any combination of subsections (2) through (3)(g).*

Section 46-18-201(3), MCA (emphasis added). Similarly, § 46-18-231, MCA, specifically provides that a sentencing court may impose a fine "in lieu of or in addition to a sentence of imprisonment."

¶13     In this case, the District Court conditioned the suspended portion of George's sentence

5

upon his entering into an installment plan for payment of the fine. The court did not place any conditions on the payment of the fine itself. Therefore, we hold that the District Court correctly determined that the Board's elimination of George's suspended sentence did not eliminate George's obligation to pay the fine.

¶14 George also contends that he did not have the ability to pay the fine while he was in prison, thus the fine was in violation of § 46-18-231(3), MCA, which provides:

> The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine. In determining the amount and method of payment, the sentencing judge shall take into account the nature of the crime committed, the financial resources of the offender, and the nature of the burden that payment of the fine will impose.

¶15 The State points out that George never asserted prior to this appeal that the sentencing court failed to consider his ability to pay. Thus, the State argues that this issue is waived pursuant to *State v. Raugust*, 2000 MT 146, ¶¶ 15, 17, 300 Mont. 54, ¶¶ 15, 17, 3 P.3d 115, ¶¶ 15, 17, and numerous other cases cited in the State's brief that hold that this Court will not address either an issue raised for the first time on appeal or a party's change in legal theory.

¶16 While the State is correct that the general rule is that the failure of a defendant to contemporaneously object waives the objection on appeal, this Court recently established a narrow exception to that general rule. In *State v. Brister*, 2002 MT 13, ¶ 16, 308 Mont. 154, ¶ 16, 41 P.3d 314, ¶ 16, we held that even if a defendant fails to contemporaneously object to his sentence at sentencing, we will accept jurisdiction of an appeal "that has been timely filed" which alleges that a sentence is illegal or exceeds statutory authority.

¶17 George, however, did not timely appeal his sentence (*see* Rule 5(b), M.R.App.P.), thus

6

the exception set forth in *Brister* does not apply in this case. George was originally sentenced on August 3, 1998. On August 7, 1998, George applied to the Sentence Review Division of this Court for review of his ten-year commitment to the Department of Corrections. George never filed a direct appeal with this Court regarding his August 3, 1998 conviction or sentence. It was not until three and one-half years later that George filed the current appeal with this Court and then only to appeal the District Court's December 19, 2001 Order denying George's motion to have the fine removed from his judgment. Consequently, the issue of George's ability to pay the fine is waived and we will not address this issue further.

¶18    Accordingly, we hold that the District Court correctly found that the fine was due and owing. Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER