No. 05-033

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 160N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

ARROW WEINBERGER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifteenth Judicial District,
                  In and for the County of Roosevelt, Cause No. DC 1035-C,
                  The Honorable David G. Cybulski, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Edmund F. Sheehy, Jr., Cannon & Sheehy, Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Jennifer Anders,
                Assistant Attorney General, Helena, Montana

                Fred J. Hofman, Roosevelt County Attorney, Wolf Point, Montana

Submitted on Briefs:  June 14, 2005

Decided:  June 28, 2005

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Appellant Arrow Weinberger (Weinberger) appeals from the denial of his motion to modify that portion of his judgment for deliberate homicide entered by the Fifteenth Judicial District Court, Roosevelt County, that prohibits him from being in Roosevelt County without notice or permission of the court or county sheriff, and then only for serious illness or death of a member of his own family.  We reverse.

¶3    We must determine whether the District Court improperly banished Weinberger from Roosevelt County. We review the terms and conditions of a criminal sentence for legality only.  *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15.  We review a criminal sentence that exceeds statutory mandates or is illegal even if no objection is made at the time of sentencing.  *State v. Brister*, 2002 MT 13, ¶ 12, 308 Mont. 154, ¶ 12, 41 P.3d 314, ¶ 12.

¶4    We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶5    A banishment condition in a criminal sentence is illegal unless it reasonably relates to the objectives of rehabilitation and the protection of the victim and society.  *State v.*

2

*Muhammad*, 2002 MT 47, 309 Mont. 1, 43 P.3d 318.  Weinberger argues and the State concedes that the District Court improperly banished him from Roosevelt County.  On the face of the briefs and the record on appeal before us, it remains manifest that the District Court erred when it prohibited Weinberger from being in Roosevelt County without notice or permission of the court or county sheriff, and then only for serious illness or death of a member of his own family.

¶6      We therefore reverse the judgment of the District Court and remand for resentencing that removes the improper banishment provision.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

3