No. 05-622

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 23

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

PAMELA JONES GREESON,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
        In and For the County of Yellowstone, Cause No. DC 04-1028
        Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

   Tanya Dvarishkis, Deputy Public Defender, Billings, Montana

   For Respondent:

     Hon. Mike McGrath, Attorney General; John Paulson,
     Assistant Attorney General, Helena, Montana

     Dennis Paxinos, Yellowstone County Attorney; Margaret R.
     Gallagher, Deputy County Attorney, Billings, Montana

        Submitted on Briefs: November 29, 2006

           Decided: February 6, 2007

Filed:

         _____
             Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pamela Jones Greeson pled *nolo contendere* in the Thirteenth Judicial District Court, Yellowstone County, to a felony charge of identity theft. The District Court deferred imposition of sentence for two years and imposed probation with specified conditions. Greeson appeals two conditions of her probation. We affirm in part, reverse in part and remand with instructions.

¶2 The issues on appeal are:

¶3 1. Whether the probation condition mandating that Greeson's home be open and available for her probation officer to visit is unconstitutional.

¶4 2. Whether the District Court properly imposed an alcohol-related restriction, which includes a drug and alcohol testing requirement, as a condition of Greeson's probation.

BACKGROUND

¶5 Greeson used her sister's name and social security number to obtain credit to purchase $4,557 worth of computer equipment, and failed to pay the bill. She was charged with, and pled *nolo contendere* to, the felony offense of identity theft. The District Court deferred imposition of sentence for two years, placing Greeson on probation during that time. Greeson objected to several proposed conditions of probation which the District Court ultimately imposed.

¶6 Greeson now appeals two conditions of her probation. We review conditions of probation for legality only. *State v. Moody*, 2006 MT 305, ¶ 9, 334 Mont. 517, ¶ 9, 148 P.3d 662, ¶ 9 (citation omitted).

ISSUE 1

**¶7** **Is the probation condition mandating that Greeson's home be open and available for her probation officer to visit unconstitutional?**

¶8 The first probation condition challenged by Greeson requires, in relevant part, that she "will make [her] home open and available for the Probation & Parole Officer to visit as required per policy." Greeson contends this condition obviates the reasonable cause standard required for a search of a probationer's residence and violates her right to privacy.

¶9 We recently addressed this very question in *Moody*. There, the appellant challenged a probation condition identical to the one at issue here on the same constitutional basis. Determining that a home visit is not a search, we also determined that a probationer has no reasonable expectation of privacy that would preclude home visits from taking place. *Moody*, ¶¶ 22-24 (citations omitted). We ultimately held that, as a routine and reasonable component of supervising a convicted person during a term of supervised release, home visits are not subject to the reasonable cause standard applicable to probation searches. *Moody*, ¶ 28.

¶10 *Moody* is controlling precedent on this issue. On that basis, we conclude the probation condition mandating that Greeson's home be open and available for her probation officer to visit is not unconstitutional.

ISSUE 2

**¶11** **Did the District Court properly impose an alcohol-related restriction, which includes a drug and alcohol testing requirement, as a condition of Greeson's probation?**

¶12 When a court defers imposition of sentence, it may impose upon the offender any

3

reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society. Section 46-18-201(4)(o), MCA. However, a probation condition must have a sufficient nexus with the conviction to constitute a legal condition of sentence. *State v. Herd*, 2004 MT 85, ¶ 17, 320 Mont. 490, ¶ 17, 87 P.3d 1017, ¶ 17 (citation omitted).

¶13 Greeson challenges condition number 12 of her probation, which states as follows:

> The Defendant shall not possess or consume intoxicants/alcohol, nor will she enter any place intoxicants are the chief item of sale. She will submit to Breathalyzer testing or bodily fluid testing for drugs or alcohol as requested by her Probation & Parole Officer.

Greeson asserts that nothing in the record indicates alcohol contributed to the motivation or commission of this offense and that, in fact, the author of the presentence investigation indicated that Greeson did not appear to have a chemical dependency issue.

¶14 The State of Montana concedes that Greeson's characterizations of the record are correct. It appears to contend, however, that the nexus here is Greeson's report of using alcohol and experimenting with marijuana at an early age and a family history of chemical abuse. The State also appears to rely on statements by the prosecutor at Greeson's sentencing that the alcohol restrictions promote Greeson's rehabilitation and the protection of society because alcohol consumption reduces judgment and could contribute to Greeson's willingness to commit future similar crimes.

¶15 The State's arguments are totally without merit. Greeson was convicted of theft of identity. That she--like thousands of Montanans--used alcohol and experimented with marijuana long ago is entirely unrelated to the offense of which she was convicted.

4

Similarly, a family history of chemical abuse is, unfortunately, not uncommon. Such a family history is irrelevant--without more--to both Greeson and her commission of the offense at issue here. Moreover, it may well be that alcohol consumption reduces judgment and could thus relate to any person's "willingness" to commit a crime, although a prosecutor's unsupported commentary on such matters is not evidence of any kind. Such general commentary is wholly inadequate, however, to establish a nexus between Greeson and the offense of which she was convicted or to establish that the alcohol and testing condition at issue here would in any real way promote Greeson's rehabilitation or protect society.

¶16    The State also makes no effort whatsoever to distinguish the cases on which Greeson relies and in which we held conditions invalid as lacking a nexus with the offense committed. *See*, *e.g.*, *State v. Erickson*, 2005 MT 276, 329 Mont. 192, 124 P.3d 119 (determining there was no correlation or connection between a conviction for the operation of a methamphetamine laboratory and a condition that the defendant pay child support); *State v. Watson*, 2001 MT 143, 306 Mont. 33, 29 P.3d 1026 (invalidating a restriction on interaction with females under the age of 19 years in sentencing a man for an assault on a peace officer); *State v. Smith*, 2001 MT 111, 305 Mont. 298, 27 P.3d 39, *overruled on other grounds, State v. Brister*, 2002 MT 13, 308 Mont. 154, 41 P.3d 314 (invalidating a sentencing provision requiring an offender convicted of theft and burglary to complete parenting classes as unrelated to the offense); *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620 (overturning a condition requiring sexual offender treatment as a condition of a DUI

5

sentence). We caution the State regarding its obligation to either brief an issue or concede it.

¶17 In an effort to bring more clarity to alcohol-related probation conditions, we call to the attention of criminal law practitioners and sentencing courts *State v. Holt*, 2006 MT 151, 332 Mont. 426, 139 P.3d 819, in which we recently invalidated a condition prohibiting consumption of alcohol in a suspended sentence. In doing so, we observed that the record contained no evidence that alcohol contributed to the offenses in question--five counts of felony theft--and that the State provided no support for the condition other than conjecture that the defendant may be more likely to engage in similar misconduct in the future if he used alcohol. We concluded no correlation had been established between alcohol and the crimes for which the defendant was sentenced. *Holt*, ¶ 51.

¶18 We conclude condition number 12 is invalid and that the District Court erred in imposing it. We further conclude resentencing is not required because nothing in the record indicates striking condition number 12 would affect the remainder of Greeson's sentence. *Cf. Erickson*, ¶ 38.

¶19 Affirmed in part, reversed in part, and remanded with instructions that the District Court strike condition number 12 from Greeson's probation conditions.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

Justice James C. Nelson concurs.

¶20    I concur in the Court's decision as to Issue 2. I specially concur in the Court's decision as to Issue 1 because *State v. Moody*, 2006 MT 305, 334 Mont. 517, 148 P.3d 662, is the law of the land as to that Issue. That said, I continue to maintain that the "home visit" issue in *Moody* was wrongly decided. *Moody*, ¶¶ 34-71 (Nelson, J., dissenting).

¶21    With that caveat, I concur.

/S/ JAMES C. NELSON

Justice Patricia O. Cotter joins in the concurrence of Justice James C. Nelson.

/S/ PATRICIA COTTER

7