DA 06-0089

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 43N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS RONALD KNUDSON,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Chouteau, Cause No. DC 01-08,
Honorable David Rice, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

      Carl White, Attorney at Law, Havre, Montana

      For Appellee:

      Honorable Mike McGrath, Attorney General; Carole E. Schmidt,
Assistant Attorney General, Helena, Montana

      Stephen Gannon, County Attorney, Fort Benton, Montana


Submitted on Briefs:  July 18, 2007

Decided:  February 8, 2008


Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Thomas Ronald Knudson appeals the judgment of the Twelfth Judicial District Court, Chouteau County, revoking his five-year suspended sentence for sexual intercourse without consent and sentencing him to five years with the Department of Corrections (DOC).  Specifically, Knudson appeals the District Court's conditioning of his parole on his successful completion of Phases I and II of the Sexual Offender Treatment Program.  We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

¶3     Knudson raises the following issues on appeal:

¶4     1.  Did the District Court err by ordering Knudson to complete sex offender treatment as a condition of parole following revocation of his suspended sentence?

¶5     2.  Did the District Court abuse its discretion by finding by a preponderance of the evidence that Knudson had committed sexual intercourse without consent while on probation, even though a jury had acquitted him of that charge?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6     On July 5, 2001, Knudson was charged with sexual intercourse without consent, a felony, in violation of § 45-5-503, MCA, and sexual assault, a misdemeanor, in violation

2

of § 45-5-502, MCA.  After initially pleading not guilty to both counts, Knudson subsequently entered a guilty plea pursuant to a plea agreement and was sentenced to the Montana State Prison (MSP) for five years for the offense of sexual intercourse without consent.  All but thirty days of Knudson's sentence were suspended based upon various specified conditions.  One condition of Knudson's sentence was that he complete an inpatient sex offender treatment program, and because such a program was not then available in Montana, Knudson was ordered to complete the program at a Utah facility.

¶7    Knudson initially failed to complete the sex offender treatment program, and the State filed a petition for revocation of suspended sentence on July 3, 2002.  The District Court found that Knudson's failure to complete the program was based on an inability to pay, and after the funding issue was resolved, issued an order continuing Knudson's suspended sentence on the condition that he complete the sex offender treatment program in Utah.  Knudson completed the sex offender treatment program and returned to Montana to complete his suspended sentence.

¶8    On November 5, 2004, the State filed a second petition for revocation of suspended sentence, this time based on, among other things, his probation officer's finding drugs, alcohol, and weapons at Knudson's residence on multiple occasions.  The District Court revoked Knudson's suspended sentence on December 17, 2004, but reimposed a suspended sentence.  The District Court found that, with the supervision and support of his father, Knudson could successfully complete his sentence.  However, the court admonished Knudson that "any further petitions to revoke if substantiated will likely end with the sentence being revoked and the Defendant being imprisoned."

3

¶9 On January 21, 2005, Knudson was again charged with sexual intercourse without consent, this time for having sexual intercourse with a fifteen-year-old girl. Although Knudson admitted to the act, he asserted the affirmative defense of mistake of age, and was acquitted after a jury trial. Based on those same charges, however, the State filed a third petition for revocation of suspended sentence on August 18, 2005. On November 22, 2005, the District Court heard evidence on the State's third petition, and found by a preponderance of the evidence that Knudson violated the law by, among other things, having sex with a fifteen-year-old girl. The burden of proof to revoke his suspended sentence was a preponderance of the evidence, and the District Court found this standard had been met. The State also filed a fourth petition for revocation of suspended sentence on the same day, this time because Knudson changed his residence without permission, lied to his probation officer, and failed to report to his probation officer for drug testing.

¶10 On January 3, 2006, the District Court issued its judgment revoking Knudson's suspended sentence and sentencing him to the DOC for five years. Knudson was given credit for a total of 569 days previously served. Additionally, Knudson was ordered to complete Phase I and Phase II sexual offender treatment prior to eligibility for release on parole. It is this requirement that Knudson appeals.

**STANDARD OF REVIEW**

¶11 We generally review a district court's decision to revoke a suspended sentence for abuse of discretion. *State v. Brister*, 2002 MT 13, ¶ 12, 308 Mont. 154, ¶ 12, 41 P.3d 314, ¶ 12. "Where the issue is whether a court followed statutory requirements

4

applicable to revocation of a suspended sentence, however, the question raised is a matter of law, and our review is plenary." *Brister*, ¶ 12.

## DISCUSSION

**¶12    Did the District Court err by ordering Knudson to complete sex offender treatment as a condition of parole following revocation of his suspended sentence?**

¶13    This case must necessarily begin by determining which version of the Montana Code Annotated applies to Knudson's sentence, because the revocation statute has been amended during the time period at issue. We have consistently held that "[t]he law in effect at the time an offense is committed controls as to the possible sentence for the offense, *as well as a revocation of that sentence*." *State v. Rudolph*, 2005 MT 41, ¶ 16, 326 Mont. 132, ¶ 16, 107 P.3d 496, ¶ 16 (emphasis added) (citing *Brister*, ¶ 26). Although the revocation at issue occurred on January 3, 2006, Knudson committed the offense on May 20, 2001, and thus, under our case law, we look to the 1999 version of the revocation and sentencing statutes to determine what conditions the District Court could properly impose upon revocation of Knudson's suspended sentence. *Brister*, ¶ 26.

¶14    The revocation statute in effect when Knudson committed the offense of sexual intercourse without consent was § 46-18-203, MCA (1999). This statute provided the District Court with three alternatives upon finding that Knudson violated the terms and conditions of his suspended sentence: "(i) continue the suspended . . . sentence without a change in conditions; (ii) continue the suspended sentence with modified or additional terms and conditions; [or] (iii) revoke the suspension of sentence and require the offender to serve either the sentence imposed or any lesser sentence." Section 46-18-203(7)(a)(i)

5

to (iii), MCA (1999).[1]   The District Court selected the third alternative and revoked Knudson's suspended sentence.  The District Court thereafter had two options: require Knudson to serve the original sentence, or impose a lesser sentence.  Section 46-18-203(7)(a)(iii), MCA (1999).

¶15    Although Knudsen's challenge to the sex offender treatment condition focuses on the propriety of imposing the condition when he had already completed a treatment program, we conclude that the condition is invalid because the District Court's sentence did not fall within either statutory option outlined above, and thus was impermissible under the revocation statute.  The sentence originally imposed upon Knudson was a five-year commitment to MSP and included a sentencing condition that Knudson enroll in, attend, and complete inpatient sex offender treatment in Utah.  The sentence imposed on Knudson upon revocation of his suspended sentence was a five-year commitment to the DOC (with credit for days previously served), and included a condition that Knudson complete Phases I and II of the sex offender treatment program as a condition of parole.

---

[1]The revocation statute now provides a district court greater flexibility when sentencing a defendant whose suspended sentence has been revoked.  Subsection (iii) now permits a district court to "revoke the suspension of sentence and require the offender to serve either the sentence imposed or *any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence.*"  Section 46-18-203(7)(a)(iii), MCA (2007) (emphasis added).  Further, the statute makes this increased flexibility applicable to all sentences subject to revocation "regardless of the date of the offender's conviction and regardless of the terms and conditions of the offender's original sentence."  Section 46-18-203(9), MCA.  However, in *State v. Tracy*, 2005 MT 128, 327 Mont. 220, 113 P.3d 297, following a very brief discussion, we held that the identical provision in the 2003 MCA was "an *ex post facto* application of the law which cannot stand constitutional muster."  *Tracy*, ¶ 20.   For purposes of this case, we conclude likewise and thus do not apply this statute to Knudson.  Neither this statute nor *ex post facto* arguments have been raised herein.

¶16 Implicit in the District Court's requirement that Knudson undergo Phase I and II sex offender treatment is a finding that Knudson's first visit to sex offender treatment did not accomplish the rehabilitative purposes for which it was imposed, given his subsequent sexual intercourse without consent charge and the District Court's finding, by a preponderance of the evidence, that Knudson violated the terms and conditions of his suspended sentence. However, we have previously held that a requirement to complete sex offender treatment as a condition *of parole* constitutes an increase over a defendant's original sentence and is illegal. *State v. Richardson*, 2000 MT 72, ¶ 27, 299 Mont. 102, ¶ 27, 997 P.2d 786, ¶ 27.

¶17 In *Richardson*, the defendant was charged with felony sexual assault against a minor child and pled guilty. The district court sentenced Richardson to twenty years at MSP, with all but seventy days suspended. As a condition of the suspended sentence, Richardson was ordered to complete an outpatient sex offender treatment program. *Richardson*, ¶ 5. Two years later, the State petitioned the district court to revoke Richardson's suspended sentence because Richardson had violated its conditions by having contact with minor children. This had led to his premature discharge from the sex offender treatment program. The district court granted the State's petition and revoked the remaining portion of Richardson's suspended sentence. *Richardson*, ¶ 7. The district court then sentenced Richardson to the remainder of his originally-imposed twenty-year term, and also required Richardson to complete Phases I and II of the sex offender treatment program at MSP before being granted parole. *Richardson*, ¶ 7.

7

¶18 On appeal, Richardson contended that the district court lacked the statutory authority to restrict his eligibility for parole when it revoked his suspended sentence. The State conceded that Richardson was correct. *Richardson*, ¶ 26. We observed that "[n]othing in the [revocation] statute authorizes a court to impose additional restrictions when revoking a suspended sentence." *Richardson*, ¶ 27. Indeed, while additional conditions may be imposed where a suspended sentence is *continued*, additional conditions may not be imposed where a suspended sentence is *revoked*. *Compare* § 46-18-203(7)(a)(ii) *with* § 46-18-203(7)(a)(iii), MCA (1999). We therefore concluded that "the District Court exceeded its authority . . . when it conditioned Richardson's parole eligibility on completion of Phases I and II of the sexual offender treatment at the MSP." *Richardson*, ¶ 27. Thus, we remanded Richardson's case for the district court to strike the erroneously added condition on Richardson's parole.

¶19 We can discern no reason to conclude that *Richardson* is distinguishable from the present case. Here, the District Court sentenced Knudson to sex offender treatment as a condition of his suspended sentence. Regardless of whether Knudson successfully completed the sex offender treatment program in Utah, our holding in *Richardson* dictates that Knudson could not, upon revocation of his suspended sentence, be required to complete Phase I and II sex offender treatment as an additional restriction on his parole eligibility. The District Court exceeded its authority under § 46-18-203(7)(a)(iii), MCA (1999), when it conditioned Knudson's parole eligibility on completion of Phases I and II of the sex offender treatment program at MSP. Accordingly, we remand this case for the limited purpose of striking that condition on Knudson's parole eligibility.

**¶20 Did the District Court abuse its discretion by finding by a preponderance of the evidence that Knudson had committed statutory rape while on probation, even though a jury had acquitted him of that separate charge?**

¶21 In a much lesser degree, Knudson briefly argues that the District Court erred in finding that he had violated a condition of his suspended sentence by having sexual intercourse with a fifteen-year-old girl, given that a jury found him not guilty of sexual intercourse without consent. We hold that the District Court's reasons for revoking Knudson's suspended sentence were valid. The lesser burden of proof required upon petition for revocation of a suspended sentence was satisfied by the District Court's holding. Knudson had completed inpatient sex offender treatment and thus should have been aware that the age of his sexual partners was vitally important to his compliance with the law and the conditions of his suspended sentence.

¶22 Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ RAY J. DAYTON
Honorable Ray J. Dayton, District Judge,
sitting in place of Justice John Warner,
who did not participate