No. 02-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 136

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

RODNEY WILLIAMS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
                In and For the County of Powell, Cause No. DC 96-62,
                Honorable Ted L. Mizner, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Edmund F. Sheehy, Jr., Cannon and Sheehy, Helena, Montana

       For Respondent:

          Honorable Mike McGrath, Attorney General; Diana Leibinger Koch,
          Special Assistant Attorney General, Department of Corrections,
          Helena, Montana

          Christopher G. Miller, County Attorney, Deer Lodge, Montana

                        Submitted on Briefs:  March 13, 2003

                                 Decided:  May 8, 2003

Filed:

                                 Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Rodney Williams appeals from the judgment of the Third Judicial District Court, Powell County, revoking his five-year suspended sentence. We affirm in part, reverse in part, and remand for re-sentencing.

¶2     The following issues are raised on appeal:

¶3     (1) Whether the District Court erred when it concluded that Williams was a probationer and not a parolee, and that he was not entitled to good time credit for time served from January 1998 to August 2001;

¶4     (2) Whether the District Court erred when, upon revocation of Williams' suspended sentence, it declined to expressly allow or reject the application of street time credit toward Williams' upcoming term of incarceration, and instead followed a provision in its 1998 judgment, which stated that Williams would not receive street time credit if he violated the terms of his probation.

FACTUAL AND PROCEDURAL BACKGROUND

¶5     In 1997, Williams was convicted of felony assault and was sentenced to a five-year suspended sentence. The District Court's 1998 amended sentencing judgment provided that Williams was to be supervised by the Office of Adult Parole and Probation "on the same terms and conditions as are customarily granted to parolees from the state penitentiary." The judgment also provided that if Williams failed to comply with the conditions of his suspended sentence, the court would revoke the sentence without street time credit.

2

¶6 In 2001, Williams was arrested for violating the terms of his sentence. The sentence was revoked, and Williams appeared before the District Court in May 2002 for disposition on the revocation. During the hearing, Williams argued that because the District Court's 1998 sentencing judgment indicated that he was subject to the terms and conditions of parolees, he, like a parolee, was entitled to good time credit for the time he had served on his suspended sentence.

¶7 The District Court determined that Williams had violated the terms and conditions of his suspended sentence. Choosing to classify Williams as a probationer rather than a parolee, the court concluded that he was not entitled to good time credit. In addition, the District Court declined to grant Williams street time credit. The District Court sentenced Williams to five years imprisonment, but reduced the prison term to account for the 366 days that Williams had spent in county jail or on house arrest while awaiting the May disposition hearing. Williams appealed.

STANDARD OF REVIEW

¶8 We review a trial court's decision to revoke a suspended sentence to determine whether the court abused its discretion and whether the court's decision was supported by a preponderance of the evidence in favor of the State. *State v. Brister*, 2002 MT 13, ¶ 12, 308 Mont. 154, ¶ 12, 41 P.3d 314, ¶ 12. Where, as in this case, the issue on appeal is whether the trial court followed the statutory requirements for a sentence revocation, the question is a matter of law, and our review is plenary. *Brister*, ¶ 12.

DISCUSSION

3

¶9    As a preliminary matter, we note that the State's argument, that Williams' appeal was untimely, is without merit. According to the State, Williams filed his notice of appeal on July 24, 2002, eighty-one days after the District Court entered its judgment on May 3, 2002. The State contends that the notice was untimely pursuant to Rule 5(b), M.R.App.P., which requires that criminal defendants file their notices of appeal within sixty days of the judgment issued. In fact, as Williams observes, the notice of appeal was filed with the District Court on June 24, 2002–well within the sixty-day time limit. Attached to Williams' reply brief is a copy of his notice, signed by his attorney, Edmund F. Sheehy, Jr., dated June 20, 2002, and filed June 24, 2002. In light of this evidence, we reject the State's request that Williams' appeal be dismissed as untimely.

¶10    That said, the first substantive issue to consider is whether the District Court correctly concluded that Williams, as a probationer, was not entitled to good time credit for time served following the imposition of his original sentence. Williams argues that because the District Court stated, in its January 1998 judgment, that he was to be supervised "on the same terms and conditions as are customarily granted to parolees from the state penitentiary," he is entitled to the same good time credit that parolees receive. Williams notes that the trial courts are not vested with the authority to place individuals on parole, but concludes that the District Court's judgment, with its implication that Williams was a parolee, should be honored.

¶11    As the State observes, the authority to grant parole rests with the Montana Board of Pardons and Parole, not with the trial courts. Section 45-23-104, MCA, provides that "[t]he

board of pardons and parole is responsible for executive clemency and parole as provided in this chapter [23]." There are no similar statutes assigning the same authority to the state's district courts. In his appeal brief, Williams acknowledges that the District Court did not have authority to grant him parole. However, Williams urges this Court to adopt a principle that because the alleged mistake was the court's, it counts as a windfall to him and must be enforced. Clearly, there is no authority for this proposition, and Williams cites none.

¶12 Furthermore, we are not inclined to presume, from the language of the 1998 judgment, that the District Court intended to treat Williams as a parolee. The court sentenced Williams to five years imprisonment, and then suspended the sentence and delineated the conditions for the suspension. The judgment provides, in part, that "all of the foregoing sentence is suspended, on the following conditions: (1) The defendant shall remain on probation supervised by the Office of Adult Parole and Probation of the State of Montana, and shall be subject to the following conditions: (a) The defendant shall be supervised by the Office of Adult Parole and Probation, on the same terms and conditions as are customarily granted to parolees from the state penitentiary." As the State argues, a reasonable person would not interpret this language as a grant of parole. We conclude, therefore, that Williams was a probationer, not a parolee, and was not entitled to good time credit for time served on his original sentence. *McDermott v. Montana Dept. of Corrections*, 2001 MT 134, ¶ 44, 305 Mont. 462, ¶ 44, 29 P.3d 992, ¶ 44 (stating that probationers are not entitled to good time credit).

¶13 We next consider whether the District Court erred when, upon revocation of Williams' suspended sentence, it declined to expressly allow or reject the application of street time credit toward Williams' upcoming term of incarceration, and instead invoked a provision in the 1998 judgment, which stated that Williams would not receive street time credit if he violated the terms of his probation. The 1998 judgment provides, in part, the following:

> The defendant was advised by the Court that failure to comply with the conditions of probation set forth above or imposed by his probation officer would result in the revocation of the sentence suspended herein, and his commitment to the Department of Corrections of the State of Montana for the offense of FELONY ASSAULT. The defendant was advised by the Court that the Court *would not grant street time in the event of revocation* . . . . [Emphasis added.]

¶14 The term "street time" means time spent serving a probationary term. Pursuant to a Montana statute in effect at the time of Williams' sentencing, district courts were required to either allow or reject street time as credit against a term of incarceration imposed as a result of the revocation of an individual's suspended sentence. Section 46-18-201(4), MCA (1997). In *Speldrich v. McCormick* (1990), 243 Mont. 238, 240, 794 P.2d 339, we applied this statute and held that a district court must, upon revocation of a suspended sentence, consider the time served on probation and state its reasons "for either expressly allowing or rejecting the elapsed time as credit against the sentence." In the present case, the District Court erred by not considering and awarding or denying street time credit to Williams at the time his suspended sentence was revoked. The State concedes this point on appeal.

6

¶15 The only remaining question is whether this case should be remanded to the District Court for re-sentencing or whether the remaining 147 days that Williams has not already served on probation or in prison should be excused. Williams offers no authority to support his contention that the "only appropriate" resolution would be to excuse the remainder of his sentence. In prior cases involving sentencing errors by trial courts, we have partially vacated those sentences when the offending portions were clearly severable from the non-offending portions. *See, e.g., State v. Shockley*, 2001 MT 180, ¶ 11, 306 Mont. 196, ¶ 11, 31 P.3d 350, ¶ 11; *State v. Leistiko* (1992), 256 Mont. 32, 37, 844 P.2d 97, 100. In the present case, the District Court's error resulted in the imposition of a revoked suspended sentence that was *not* reduced to account for some or all of the time already served by Williams. This error affects the entire sentence, and there is no discreet portion which can be identified and stricken. Rather, as in *State v. Brister*, we are unable to surmise what the District Court would have done if it had followed the directives of § 46-18-201(4), MCA (1997). *Brister*, ¶ 28. For this reason, we conclude that the appropriate remedy is to remand the matter to the District Court for re-sentencing.

CONCLUSION

¶16 In summary, we affirm the District Court's conclusion that Williams was a probationer and not a parolee, and that he was not entitled to good time credit for time served from January 1998 to August 2001. Regarding the court's decision to enforce that provision of its 1998 judgment precluding street time credit, we reverse and remand this matter to the District Court for a new dispositional hearing, and direct the court to consider any elapsed

7

time that Williams has served, and state its reasons for either expressly allowing or rejecting

the elapsed time as credit against Williams' revoked suspended sentence.


We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE