**FILED**

December 30 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 10-0228

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 287

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROBERT E. LAMBERT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 98-31
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Mathew M. Stevenson; Attorney at Law; Missoula, Montana

      For Appellee:

        Steve Bullock, Montana Attorney General; Sheri K. Sprigg, Assistant
Attorney General; Helena, Montana

        George Corn; Ravalli County Attorney; Geoffrey T. Mahar, Deputy
County Attorney; Hamilton, Montana

Submitted on Briefs:  November 10, 2010

Decided:  December 30, 2010

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Robert Lambert (Lambert) was resentenced in August 2007 by the Twenty-First Judicial District Court, Ravalli County, following an order from this Court in November 2006, which declared a portion of Lambert's prior sentence from the Sentence Review Division (SRD) illegal and remanded for resentencing. Pursuant to our grant of Lambert's motion for an out-of-time appeal, he appeals the District Court's 2007 sentence. We affirm.

¶2 We address the following issue: Did the District Court err by imposing a new sentence upon remand from this Court instead of simply striking the illegal portion of the prior SRD sentence?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 In February 1998, officers from the Ravalli County Sheriff's Office and the Federal Bureau of Investigation went to Lambert's residence to serve a search warrant. After a high speed car chase which culminated in Lambert pointing a loaded firearm at officers, he was arrested. A search of Lambert's car and residence revealed guns and ammunition, drugs, drug paraphernalia, large amounts of cash, electronic equipment, and other items. He was charged by Amended Information with numerous felonies and misdemeanors.

¶4 Lambert and the State entered into a plea agreement whereby Lambert pled guilty to three felonies: Assault on Peace Officer or Judicial Officer, in violation of § 45-5-

210(1)(b), MCA (1997);[1] Criminal Possession of Dangerous Drugs, in violation of § 45-9-102, MCA (1997); and Use or Possession of Property Subject to Criminal Forfeiture, in violation of § 45-9-206(1),(2)(a), (c), and (f), MCA (1997). The State agreed to dismiss the remaining charges and recommended a total sentence of 35 years in Montana State Prison (MSP) to run concurrently with a two-year sentence Lambert was serving in the county jail. This plea agreement was not binding on the District Court.

¶5　　In September 1998, the District Court accepted the plea agreement and sentenced Lambert to 10 years on the Assault charge, with an additional 10 year enhancement for use of a weapon in the assault;[2] 5 years on the Criminal Possession charge; and 10 years for Use or Possession of Property Subject to Criminal Forfeiture. The sentences were ordered to be served consecutively and, thus, Lambert received a 35-year sentence to MSP, with 15 years suspended. Lambert petitioned for review by the SRD, which in December 1998 reduced Lambert's sentence by ordering the sentences for the Assault, Criminal Possession and Property offenses to run concurrently to each other, and consecutive to the 10-year weapon enhancement, 8 years of which it suspended. This resulted in a sentence of 20 years at MSP, with 8 years suspended.

---

[1] Section 45-5-210(1)(b), MCA (1997): "(1) A person commits the offense of assault on a peace officer or judicial officer if the person purposely or knowingly causes . . . (b) reasonable apprehension of serious bodily injury in a peace officer or judicial officer by use of a weapon . . . ."

[2] Section 46-18-221(1), MCA (1997): "(1) A person who has been found guilty of any offense and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm, destructive device . . . or other dangerous weapon shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years . . . ." This statute was subsequently amended in 2001 to bring it into compliance with our decision in *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312.

¶6 In 1999, Lambert petitioned the District Court for postconviction relief, asserting the weapon enhancement of his Assault sentence was illegal under *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P.2d 312.[3] The District Court denied Lambert's petition, concluding that Lambert's failure to challenge his sentence on appeal rendered the judgment final, and that *Guillaume* could not be applied retroactively.[4]

¶7 Lambert was released from MSP in January 2002 to a pre-release center and, after completing an Intensive Supervision Program, was placed on parole in April 2003. In June of 2005, Lambert was arrested for Driving under the Influence of Alcohol or Drugs (DUI), resulting in revocation of Lambert's parole. He was again released to a pre-release center in October 2006.

¶8 In April 2006, Lambert filed a Petition for a Writ of Habeas Corpus with this Court, again contending that his sentence was illegal because it contained the 10-year weapon enhancement. In November 2006, we granted Lambert's petition, holding the sentencing court lacked the authority under *Guillaume* to enhance his sentence for use of a weapon. We noted that *Guillaume* was held to apply retroactively to timely filed claims on collateral review in *State v. Whitehorn*, 2002 MT 54, 309 Mont. 63, 50 P.3d 121 and, because Lambert's habeas petition challenged a facially illegal sentence, it was timely filed. We then remanded the matter to the District Court for resentencing.

---

[3] *Guillaume* held that application of the weapon enhancement statute to felony convictions where the underlying offense required proof of use of a weapon violated the double jeopardy clause (Article II, Section 25) of the Montana Constitution. *Guillaume*, ¶ 16.
[4] Among other cases, the District Court followed *State v. Nichols*, 1999 MT 212, 295 Mont. 489, 986 P.2d 1093, *overruled in part*, *State v. Whitehorn*, 2002 MT 54, 309 Mont. 63, 50 P.3d 121, for its determination that *Guillaume* did not apply retroactively.

4

¶9 After remand, the District Court ordered briefing on the scope of its authority under our remand order, after which it determined to resentence Lambert and entered the Fifth Amended Judgment and Commitment, sentencing Lambert to 10 years for the Assault charge; 5 years, all suspended, for the Criminal Possession charge; and 5 years, all suspended, for the Property charge. The District Court imposed this sentence after reviewing the Probation and Parole recommendation, Lambert's completion of various chemical dependency programs and mental health evaluations while in custody, his 2005 DUI, and Lambert's psychological evaluation. In summary, the District Court imposed a total consecutive sentence of 20 years, with 10 years suspended. Lambert was then released to serve his remaining 10-year suspended sentence. Lambert did not immediately appeal this sentence, which was filed on August 29, 2007.

¶10 At the time of resentencing, Lambert's counsel agreed to file an appeal on Lambert's behalf. However, counsel missed the deadline for filing the appeal. Lambert subsequently filed a pro se petition for postconviction relief with the District Court, which he ultimately withdrew after he obtained new counsel, and moved to file an out-of-time appeal. After consideration of the circumstances and Lambert's post-judgment efforts, we granted his petition on May 25, 2010 for an out-of-time appeal of the Fifth Amended Judgment and Commitment.

## STANDARD OF REVIEW

¶11 Generally, when a sentence involves actual incarceration of a year or more, as here, we review the sentence for legality. *See State v. Heafner*, 2010 MT 87, ¶ 1, 356 Mont. 128, 231 P.3d 1087; *State v. Ariegwe*, 2007 MT 204, ¶ 174, 338 Mont. 442, 167 P.3d 815. Our review of legality generally examines whether the sentence is within statutory parameters. *State v. Herman*, 2008 MT 187, ¶ 11, 343 Mont. 494, 188 P.3d 978; *State v. Hernandez*, 2009 MT 341, ¶ 3, 353 Mont. 111, 220 P.3d 25. Determination of legality is a question of law; therefore, our review is de novo. *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15; *Ariegwe*, ¶ 175.

## DISCUSSION

¶12 ***Did the District Court err by imposing a new sentence upon remand from this Court instead of simply striking the illegal portion of the prior SRD sentence?***

¶13 Lambert argues that the District Court erroneously resentenced him on the "legal portions" of his SRD sentence—the parts which he did not challenge—instead of excising the weapon enhancement we declared to be illegal. Lambert asks that his case be remanded for another resentencing to simply excise the enhancement, which would have the effect of immediately discharging the remainder of his suspended sentence and probationary status. The State responds that this Court's remand was for general "re-sentencing," without further instructions, and that pursuant to *State v. Heath (Heath I)*, 2004 MT 58, 320 Mont. 211, 89 P.3d 947; *State v. Heath (Heath II)*, 2005 MT 280, 329 Mont. 226, 123 P.3d 228; and *Heafner*, the District Court had the authority to impose the new sentence, which it notes is more lenient than the SRD sentence it replaced.

6

¶14    In *Heafner*, we noted that we had not previously adopted a single rule regarding the appropriate remedy for a partially illegal sentence.  *Heafner*, ¶ 9.  In some cases we vacated or remanded with instructions to strike the illegal portion.  *See e.g. State v. Parker*, 2002 MT 162, ¶ 15, 310 Mont. 418, 51 P.3d 484; *State v. Aguilar*, 1999 MT 159, ¶ 10, 295 Mont. 133, 983 P.2d 345; *State v. Krum*, 2007 MT 229, ¶ 26, 339 Mont. 154, 168 P.3d 658.  In other cases, we remanded for resentencing.  *See e.g. State v. Williams*, 2003 MT 136, ¶ 15, 316 Mont. 140, 69 P.3d 222; *Heath I*, ¶ 53, *Ariegwe*, ¶ 182.  Thus, in *Heafner*, a case involving illegal sentencing conditions, we held:

> [W]hen a portion of a sentence is illegal, the better result is to remand to the district court to correct the illegal provision.  Remand to give the district court the opportunity to correct the illegal provision should be ordered unless, under the particular circumstances of the case, the illegal portion of the sentence cannot be corrected. If so, the case should be remanded to the district court with instructions to strike the illegal conditions. . . .
> Striking or vacating illegal conditions of a sentence when they could be corrected on remand could eliminate conditions that support important public policies such as protecting crime victims or rehabilitating the criminal.

*Heafner*, ¶¶ 11-12.  Here, our order in November 2006 remanded Lambert's case to the District Court for "re-sentencing."  *Lambert v. Mahoney*, 2006 Mont. LEXIS 765 at * 4 (Nov. 1, 2006) ("This matter is remanded to the District Court of the Twenty-First Judicial District Court, Ravalli County, for re-sentencing.").  Thus, as available under past cases and as reasoned by *Heafner* as the "better" approach, this Court opted to remand the matter for resentencing, rather than striking a portion of the sentence.  We

7

thereby conferred authority upon the District Court to impose a new sentence, which it correctly followed.

¶15 Lambert next asserts that, pursuant to § 46-18-905, MCA, and *Jordan v. State*, 2008 MT 334, 346 Mont. 193, 194 P.3d 657, the SRD sentence was final, subject only to review by this Court, and that the District Court invalidly superseded these higher authorities by resentencing him. Lambert argues that, under *Jordan*, a district court may not disturb a final judgment of the SRD, which may only be reviewed by a petition for extraordinary writ to this Court, which he claims neither party filed. The State replies that Lambert's petition was indeed a petition for extraordinary relief under Mont. R. App. P. 14(2) and, because of this Court's action on the petition, it is irrelevant whether the illegal sentence was imposed by the District Court or by the SRD. The State argues that once the SRD sentence was declared illegal, this Court made the choice to remand for resentencing.

¶16 The State is correct that Lambert petitioned this Court for an extraordinary writ to challenge the SRD's sentence, which we granted. Our order granting Lambert's habeas claim and remanding to the District Court for "re-sentencing" led to the imposition of Lambert's new sentence and to this appeal. Further, Lambert overstates our holding in *Jordan*. There, Jordan was sentenced by the district court, after which he requested review by the SRD. *Jordan*, ¶¶ 6-7. The SRD increased his sentence, and Jordan petitioned for postconviction relief (PCR) in district court, challenging the amended sentence. *Jordan*, ¶¶ 7-8. The district court dismissed Jordan's PCR petition, holding

8

that it could not review an SRD judgment and that Jordan's only recourse was to file a writ of extraordinary relief with this Court. *Jordan*, ¶ 9. In affirming the district court, we contrasted the SRD's equity review with our review for legality and noted that, "[a]s a result of the availability of this bifurcated review process, it is possible for a person to seek review by SRD of the equitability of his sentence, and seek review by this Court on the legality of his sentence." *Jordan*, ¶¶ 18, 26. We explained that this Court has supervisory authority to ensure the SRD's compliance with the law, which is why "the district courts have no jurisdiction to review the decisions of SRD." *Jordan*, ¶¶ 22-23. Lambert's reliance on this statement from *Jordan* fails to recognize that a district court cannot act to review SRD sentences precisely because this Court has exclusive authority for such review, and we exercised that authority by granting his habeas petition and remanding the matter to the District Court for resentencing.

¶17 We explained in *State v. Triplett*, 2008 MT 360, ¶ 30, 346 Mont. 383, 195 P.3d 819, that "a sentence imposed by the [Sentence Review] Division steps into the stead of the previous district court sentence and, in effect, becomes the 'original' sentence . . . ." We have also held that the SRD is the final review of *legal* sentences on *equitable* grounds. *See Ranta v. State*, 1998 MT 95, ¶ 27, 288 Mont. 391, 958 P.2d 670; *State v. Moorman*, 279 Mont. 330, 337, 928 P.2d 145, 149 (1996);[5] *see also State v. Simtob*, 154 Mont. 286, 288, 462 P.2d 873, 874 (1969); *Jordan*, ¶ 18. However, this Court reviews

---

[5] *Moorman* was overruled in part, on other grounds, by *Porter v. State*, 2002 MT 319, ¶ 13, 313 Mont. 149, 60 P.3d 951, and *Peña v. State*, 2004 MT 293, ¶ 25, 323 Mont. 347, 100 P.3d 154. *Peña* was subsequently overruled, in part, by *Davis v. State*, 2008 MT 226, ¶ 23, 344 Mont. 300, 187 P.3d 654.

sentences for legality, including sentences imposed by the SRD, and may upon petition for extraordinary relief overturn an SRD sentence it concludes is illegal. *See Jordan*, ¶¶ 18, 24-25; *see also Ranta*, ¶ 12. Thus, Lambert's SRD sentence became his "original" sentence which stood in the stead of his first district court sentence, and we acted upon the SRD sentence by remanding for resentencing.

¶18 Lambert's new sentence imposed upon remand by the District Court in August 2007 was a commitment to MSP for 10 years on the Assault charge; commitment to MSP for 5 years, all suspended, on the Criminal Possession charge; and commitment to MSP for 5 years, all suspended, on the Property charge. Both of the latter two charges were to run consecutively to the first charge. In totality, Lambert was committed to MSP for 20 years, with 10 years suspended. In imposing this sentence, the District Court considered the Probation and Parole recommendation, Lambert's completion of various chemical dependency programs and mental health evaluations, his behavior in custody, Lambert's 2005 DUI, and his psychological evaluation. In accordance with our review for legality, Lambert's new sentence was well within the statutory parameters in effect when the offenses were committed in 1998. *See Seals*, ¶¶ 7-8. The District Court considered all the probative evidence at sentencing, reasoning "[t]he Court believes that this sentence is considerably more lenient than the original sentence imposed, but it is mindful of the fact that the Defendant has done well in custody, and this sentence is also consistent with the decision of the Sentence Review Board and eliminates any consideration of a weapon

enhancement." The District Court had the authority to enforce a new sentence on Lambert, and it subsequently imposed a legal[6] sentence.

¶19 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

---

[6] While not raised by Lambert, we agree with the State that, in analyzing legality, Lambert's new sentence did not implicate an analysis of his due process rights because the District Court actually imposed a less severe sentence on remand. *See Heath II*, ¶¶ 6, 9, 11.