JUSTICE BAKER,
concurring in part and dissenting in part.
¶28 I concur with the Court’s conclusion that the thirty-year parole eligibility restriction for life sentences contained in § 46-23-201(4), MCA, does not apply in this case because Olivares-Coster was less than eighteen years of age at the time the offense was committed. Section 46-18-222(1), MCA, creates an explicit exception to statutory restrictions on parole eligibility for offenders under eighteen at the time of the offense. See Graham v. Florida, 130 S. Ct. 2011, 2036 (Appendix) and 2049 n. 6 (Thomas, J., dissenting) (2010) (both opinions pointing out that the Montana statute forbids life without parole for juvenile offenders). In my view, the statutes do not conflict; rather, *388 § 46-18-222(1), MCA, creates an explicit and unambiguous exception from § 46-23-201(4), MCA. It is therefore unnecessary to apply the rules of statutory interpretation under which a specific provision controls over a general provision where the two are inconsistent. See Opinion, ¶ 14; § 1-2-102, MCA.
¶29 While I agree the District Court mistakenly assumed the statute requires a sixty-year parole eligibility restriction in this case, I disagree with the remedy chosen by the Court to correct the error. Consistent with Heafner, I would remand to the District Court to correct the illegal provision of the sentence rather than simply to strike the illegal condition.
¶30 In cases decided since Heafner, we have followed “the better result” of remanding for the district court to “correct the illegal provision” of the sentence. In State v. Guill, 2011 MT 32, 359 Mont. 225, 248 P.3d 826, for example, we reversed the court’s imposition of restitution where it had not reduced the obligation to a stated amount and remanded for correction of “this illegal provision.” We allowed the court, on remand, to conduct “such further proceedings as it deems appropriate” and to consider the relevant facts and circumstances in determining a specified amount of restitution. Guill, ¶¶ 52-53. In State v. Lambert, 2010 MT 287, 359 Mont. 8, 248 P.3d 295, we noted that remand for resentencing was appropriate because “[s]triking or vacating illegal conditions of a sentence when they could be corrected on remand could eliminate conditions that support important public policies such as protecting crime victims or rehabilitating the criminal.” Lambert, ¶ 14, quoting Heafner, ¶ 12. Peterson, in contrast, involved an illegal imposition of a ten-year weapon enhancement, when the State had not included the weapon enhancement charge in the Information. Peterson, ¶ 13. Because the district court had expressly accepted the parties’ plea agreement, but then erroneously appended the ten-year enhancement, we remanded with instructions to strike the illegal portion of the sentence. Peterson, ¶ 16.
¶31 In this case, the District Court undoubtedly had authority to impose a parole eligibility restriction. See § 46-18-202(2), MCA; State v. Kirkbride, 2008 MT 178, ¶¶ 16-21, 343 Mont. 409, 185 P.3d 340. The restriction the court imposed is illegal because of the court’s erroneous application of § 46-23-201(4), MCA. That is a provision of the sentence that can be corrected. Heafner, ¶ 11.
¶32 As the Court observes, the sentencing court’s oral pronouncements control over any discrepancy in the written judgment. See Duncan, ¶ 51. In explaining its reasons for declining to impose any *389 discretionary restriction on Olivares-Coster’s eligibility for parole, the District Court assumed the statutory parole restriction would apply, stating, “60 years down the road is a long time.” Given this explanation, I believe the sentencing court should be given the opportunity to consider whether to impose any parole eligibility restriction at all. To the extent the Court limits the District Court to merely striking the parole eligibility restriction on remand, I respectfully dissent.
JUSTICE RICE joins in the concurring and dissenting opinion of JUSTICE BAKER.