FILED

05/13/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 23-0371

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 100

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

WILLIAM JAMES PILLANS,

     Defendant and Appellant

APPEAL FROM:   District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DC-18-098(A), DC 18-298(A), DC-18-329(A)
Honorable Amy Eddy, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Tammy A. Hinderman, Appellate Defender, Charlotte Lawson, Assistant Appellate Defender, Helena, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

          Travis R. Ahner, Flathead County Attorney, Andrew Clegg, Deputy County Attorney, Kalispell, Montana

              Submitted on Briefs: February 26, 2025

              Decided: May 13, 2025

Filed:

_____
           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 William James Pillans appeals from the Eleventh Judicial District Court, Flathead County's May 11, 2023 Judgment. Pillans appeals the District Court's calculation of his credit for time served and elapsed time.

¶2 We restate the issues on appeal as follows:

> *Issue 1: Whether the District Court erred when it calculated Pillans's credit for time served.*
>
> *Issue 2: Whether the District Court erred when it calculated Pillans's credit for elapsed time.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Pillans was arrested on February 12, 2018 ("Arrest 1") and charged with Assault with a Weapon in DC-18-098. He was released on his own recognizance on March 15, 2018 ("ROR 1"). The State petitioned to revoke Pillans's release based on allegations that he had violated the terms of his release, and the District Court issued a bench warrant on March 21, 2018 ("Bench Warrant 1"). Pillans was arrested on April 22, 2018, pursuant to Bench Warrant 1 ("Arrest 2") and was released on his own recognizance again on April 26, 2018 ("ROR 2").

¶4 On August 2, 2018, the State petitioned to involuntarily commit Pillans, and he was placed at Pathways Treatment Center. He was arrested the next day, August 3, 2018, for stabbing an officer with a pen while at the treatment center ("Arrest 3") and was transported to the Flathead County Detention Center ("FCDC"). As a result of the stabbing, the State charged Pillans with Assault with a Weapon in a new case, DC-18-298.

2

¶5     On August 26, 2018, while still in custody at FCDC, Pillans threatened two corrections officers with a hand-made weapon. The State charged Pillans with Assault on Peace Officer in a third case, DC-18-329. The District Court issued a bench warrant for Pillans in DC-18-329 on August 29, 2018 ("Bench Warrant 2"), and the State served Pillans with the warrant the same day.

¶6     On July 17, 2018, Pillans and the State reached a plea agreement under which Pillans agreed to enter an *Alford* plea to Criminal Endangerment in DC-18-098. Pillans moved the District Court to release him on his own recognizance in all three cases on February 20, 2019. The District Court granted the motion, and Pillans was released for a third time on February 26, 2019 ("ROR 3").

¶7     On November 5, 2019, Pillans and the State reached a second plea agreement under which Pillans agreed to enter a plea of guilty but mentally ill to Criminal Endangerment in DC-18-298, and a plea of guilty but mentally ill to Assault on Peace Officer in DC-18-329. On January 28, 2020, the District Court sentenced Pillans in each of the three cases to a concurrent sentence of 5 years with the Department of Corrections, with all 5 years suspended. At that point, the District Court credited Pillans with 37 days of time served in DC-18-098 and 208 days in both DC-18-298 and DC-18-329. If Pillans's legal troubles had ended that day, the District Court's calculation of his credit for time served would have already been complicated enough. Pillans's legal troubles did not end that day.

¶8     On February 25, 2020, the State petitioned the District Court to revoke Pillans's suspended sentences based, in part, on the fact that he had been arrested on February 8,

3

2020, in an unrelated case ("Arrest 4"). The District Court issued a bench warrant on February 26, 2020, in all three cases ("Bench Warrant 3"), and the State served him with the warrant on the same day. The District Court released Pillans on his own recognizance in all three cases on March 12, 2020 ("ROR 4"). The State moved on June 17, 2020, to dismiss its revocation petition, and the District Court granted the motion the same day.

¶9 The State petitioned the District Court for revocation a second time on July 28, 2021, based on another recent arrest in an unrelated case ("Arrest 5"). In the attached report of violation, the State notified the District Court that Pillans had spent a night in jail on August 16, 2020, and February 5, 2021, as sanctions for violations of his conditions of release. The District Court issued a bench warrant on July 29, 2021, in all three cases ("Bench Warrant 4"), and the State served Pillans with it the same day. Pillans posted bond and was released on August 17, 2021 ("Bond 1").

¶10 On November 8, 2021, the State filed an addendum to its second petition for revocation alleging that Pillans had sexually assaulted two minors. The District Court issued a bench warrant on November 10, 2021 ("Bench Warrant 5"), and Pillans was arrested the same day ("Arrest 6"). Pillans posted bond for a second time and was released on December 2, 2021 ("Bond 2").

¶11 Also on December 2, 2021, the District Court revoked Pillans's deferred sentences based on the allegations in the second petition to revoke but without reference to the allegations in the addendum, which were still under investigation. On January 27, 2022, the District Court held a sentencing hearing on the revocation, at which Pillans's probation

4

and parole officer, Jody McLeod, testified. The District Court sentenced Pillans in each of the three cases to a concurrent sentence of 5 years with the Department of Corrections, with all time suspended.[1] The District Court carried forward its initial credit determinations and credited Pillans with an additional 42 days of time served credit and 16 months of elapsed time credit in all three cases.

¶12 Pillans was arrested on April 13, 2022, in connection with the investigation into his alleged sexual contact with minors ("Arrest 7"). On April 26, 2022, the State petitioned the District Court for a third time to revoke Pillans's suspended sentence. The District Court issued a bench warrant the same day in all three cases ("Bench Warrant 6"). Pillans posted bond for a third time and was released on May 5, 2022 ("Bond 3").

¶13 On July 22, 2022, the State petitioned the District Court to revoke Pillans's bond based on allegations that he had absconded from supervision. The District Court issued an arrest warrant the same day in all three cases. Pillans was arrested in Juneau Alaska on August 21, 2022, pursuant to this warrant ("Arrest 8"). The District Court revoked Pillans's suspended sentence for a second time on May 11, 2023, and sentenced him to 5 years with the Department of Corrections, with no time suspended. The District Court carried forward its prior credit determinations and credited Pillans with an additional 285

---

[1] The District Court's written January 27, 2022, revocation order incorrectly stated that Pillans was sentenced to "a period of 5 year(s), with 0 years suspended." But the transcript from the revocation hearing makes clear that the District Court intended to reimpose the 5-year suspended sentence. Our precedent establishes that "in the event of a conflict between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement controls." *State v. Lane*, 1998 MT 76, ¶ 48, 288 Mont. 286, 957 P.2d 9. Pillans does not dispute that he was serving a suspended sentence when the District Court issued its May 11, 2023 Judgment revoking that sentence.

days of time served and 60 days of elapsed time in all three cases. In total, Pillans was credited with the following amounts of time:

- DC-18-098: 364 days time served, 18 months elapsed time

- DC-18-298: 535 days time served, 18 months elapsed time

- DC-18-329: 535 days time served, 18 months elapsed time

## STANDARD OF REVIEW

¶14 "A district court's calculation of credit for time served is reviewed for legality and we exercise de novo review." *State v. Risher*, 2024 MT 309, ¶ 6, 419 Mont. 395, 560 P.3d 1203 (quoting *State v. Crazymule*, 2024 MT 58, ¶ 8, 415 Mont. 536, 545 P.3d 66).[2] Where the issue on appeal is whether the trial court followed the statutory requirements for a sentence revocation, the question is a matter of law, and our review is plenary. *State v. Williams*, 2003 MT 136, ¶ 8, 316 Mont. 140, 69 P.3d 222.

## DISCUSSION

¶15 *Issue 1: Whether the District Court erred when it calculated Pillans's credit for time served.*

¶16 Two statutes govern a district court's calculation of credit for time served at an initial sentencing. Section 46-18-403(1)(a), MCA, titled "Credit for Incarceration Prior to Conviction," provides:

---

[2] Neither party objected to the District Court's calculations of credit for time served or elapsed time at any stage of this case. But neither party raises the other's failure to object before the District Court as the basis for any arguments on appeal. Therefore, we neither consider nor address whether either party's failure to object before the District Court affects the standard of review we apply to their respective arguments on appeal.

A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction, except that the time allowed as a credit may not exceed the term of the prison sentence rendered.

Section 46-18-201(9), MCA, provides:

When imposing a sentence under this section that includes incarceration in a detention facility or the state prison, . . . the court shall provide credit for time served by the offender before trial or sentencing.

A third statute governs district courts' calculation of credit for time served at a sentencing pursuant to a revocation. Section 46-18-203(7)(b), MCA, provides:

Credit must be allowed for time served in a detention center or for home arrest time already served.

Under all three statutes, the sentencing court "must determine the amount of time to credit based on the record relating to the offense for which the defendant is being sentenced on without considering other criminal proceedings or DOC incarcerations or holds." *Killam v. Salmonsen*, 2021 MT 196, ¶ 17, 405 Mont. 143, 492 P.3d 512.

¶17 Pillans asserts that the District Court made three errors in calculating his credit for time served: (1) failing to credit him with the time between August 3, 2018 (Arrest 3) and February 26, 2019 (ROR 3) in DC-18-098; (2) undercounting the time he served between his original sentencing and his first revocation in all three cases; and (3) undercounting the time he served between the first revocation and second revocation in all three cases.

¶18 The State responds: (1) the District Court properly denied Pillans credit in DC-18-098 for the period between Arrest 3 and ROR 3 because he was not detained in that case during that period; (2) the District Court credited Pillans with too much time in

DC-18-329 because he was not detained in that case until he was served with Bench Warrant 2; (3) Pillans is correct that the District Court undercounted the time he served between his original sentencing and his first revocation but is incorrect in his calculation; and (4) the District Court credited Pillans with too much time between the first and second revocations because he was not served with Bench Warrant 6 until April 26, 2022.

*1. Arrest 3 – ROR 3: DC-18-098*

¶19 The District Court declined to grant Pillans credit for time served in DC-18-098 for the time he spent incarcerated between Arrest 3 and ROR 3. Pillans argues that he was entitled to credit for that period in DC-18-098 because § 46-18-201(9), MCA, entitles him to credit for all of the time he spent "in a detention facility or the state prison . . . before trial or sentencing." He asserts that *Killam* eliminated the need for district courts to look at the reason why a defendant is incarcerated. The State responds that *Killam* also announced a rule that credit for time served does not start to accrue until the defendant is served with an arrest warrant in the case. Because Pillans was not served with an arrest warrant in DC-18-098 between Arrest 3 and ROR 3, the State argues he did not begin to accrue credit. Pillans replies that he must have been held in DC-18-098 during this period because the District Court issued ROR 3 as to all three cases.

¶20 We recently held that a defendant begins to serve time when "the sentencing court gain[s] jurisdiction over the offender and the offender [is] detained subject to that jurisdiction." *Risher*, ¶ 14. This includes, but is not limited to, when a defendant is first arrested for an offense on which he or she is being sentenced, *see State v. Spagnolo*, 2022

8

MT 228, ¶ 15, 410 Mont. 457, 520 P.3d 330, and when a warrant is issued in the case on which the defendant is being sentenced while a defendant is already incarcerated, either in Montana or another jurisdiction, *see Risher*, ¶ 17; *Crazymule*, ¶ 8. In short, the correct test is, looking *only* at the record in the sentencing case, whether the sentencing court had jurisdiction over the defendant because of the case, and the defendant was detained pursuant to that jurisdiction.[3]

¶21 Arrest 3, as it relates to DC-18-098, provides an example of a situation where a court has jurisdiction over a defendant because of a case, but the record does not reflect that the defendant was detained as a result of that case. Looking *only* at the record in DC-18-098, this prosecution began with Arrest 1. Therefore, the District Court correctly credited Pillans with time accrued after Arrest 1. After the District Court released Pillans on his own recognizance (ROR 1), it issued Bench Warrant 1 in DC-18-098, which resulted in Arrest 2. Therefore, the District Court correctly credited Pillans with time accrued after Arrest 2. But there is nothing in the record of DC-18-098 to indicate that Arrest 3 was related in any way to DC-18-098. Arrest 3 was due to a new charge and nothing in the record of DC-18-098 indicated Pillans was held as a result of this arrest. The fact that

---

[3] Pillans argues in his reply brief that this test may prove unworkable in instances where a defendant is detained without a warrant or additional charges, as is permitted with respect to probationers under §§ 46-23-1012(2), (3), -1023(2), and (4), MCA. But this problem would only arise in instances where the defendant's probation is subsequently revoked. Once a district court has determined to revoke a defendant's probationary period, the court is required to "consult the records and recollection of the probation and parole officer" when calculating credit for time served. Section 46-18-203(7)(b), MCA. Thus, a district court facing the possibility of calculating credit for time served without a warrant in the record will be able to consult sufficient documentation to determine the proper credit to grant.

ROR 3 was later issued as to all three cases appears to be a result of Pillans's motion for release being filed in all three cases; it was not an acknowledgement by the District Court that it had surreptitiously detained him in DC-18-098 after Arrest 3. Therefore, the District Court correctly declined to credit Pillans with time served in DC-18-098 after Arrest 3.

*2. Arrest 3 – ROR 3: DC-18-329*

¶22 The State asserts that the District Court erred when it granted Pillans credit for time served between Arrest 3 and ROR 3. Arrest 3 occurred on August 3, 2018, after Pillans stabbed an officer with a pen at Pathways Treatment Center. This resulted in his being charged with Assault with a Weapon in DC-18-298. But there is nothing in the record of DC-18-329 indicating that he was being held in that case beginning with Arrest 3. The State argues that Pillans's credit in DC-18-329 did not begin to accrue until he was served with Bench Warrant 2, which was the first arrest warrant issued in DC-18-329. For reasons we explained in *Risher* and reiterated above, the State is incorrect when it states that credit does not begin to accrue until a defendant who is already incarcerated is served with an arrest warrant in the sentencing case. The defendant begins to accrue credit on the date that the warrant acts as a detainer. *Risher*, ¶ 16. This discrepancy does not affect the calculation in this case, though, because the State served Pillans with Bench Warrant 2 on the same day that it was issued. The State is correct, therefore, that Pillans was entitled to credit in DC-18-329 beginning on August 29, 2018, the date Bench Warrant 2 was issued, not the date of Arrest 3. Pillans is entitled to 182 days of credit for time served in DC-18-329 between Bench Warrant 2 and ROR 3.

*3. Original Sentencing – First Revocation: All Three Cases*

¶23    In total, the District Court credited Pillans with 42 days of time served between his original sentencing and his first revocation in all three cases.  The parties agree that Pillans is entitled to more than 42 days of credit attributable to that period.  The parties also agree that Pillans was entitled to 2 days of credit for the time he served as sanctions and 23 days of credit for the time he served between Arrest 6 and Bond 2.  The parties disagree as to the remaining periods of credit, as summarized in the table below.

| Pillans's Calculations | The State's Calculations |
|---|---|
| Arrest 4 – ROR 4: 34 days | Service of Bench Warrant 3 – ROR 4: 16 days[4] |
| Arrest 5 – Bond 1: 25 days | Service of Bench Warrant 4 – Bond 1: 20 days |
| Total including agreed time: 84 days | Total including agreed time: 61 days |

As reflected in the table, the disputes arise from the parties' disagreement as to when Pillans's credit began to accrue.  Both Arrest 4 and Arrest 5 were due to cases that are unrelated to the three cases before us on appeal.  Nothing on the face of the records of the cases on appeal indicates that Pillans was detained because of these arrests.  As it pertains to these periods, Pillans's detention attributable to the cases on appeal did not commence until the District Court issued Bench Warrant 3 and Bench Warrant 4, respectively.  Pillans

---

[4] The State's calculation puts the time between the service of Bench Warrant 3 on February 26, 2020, and ROR 4 on March 12, 2020, at 15 days.  Because 2020 was a leap year, there were actually 16 days between the service of Bench Warrant 2 and ROR 4.

is entitled to a total of 61 days of credit for time served in all three cases between his original sentencing and his first revocation.

*4. First Revocation – Second Revocation: All Three Cases*

¶24    The District Court credited Pillans with 285 days of credit for time served between his first and second revocations after the parties stipulated to that amount of credit. Pillans argues that he is entitled to additional credit for this period based on two discrete periods of incarceration during this time: (1) the time from Arrest 7 to Bond 3 (22 days); and (2) the time from Arrest 8 to his second revocation (264 days). The State does not dispute Pillans's calculation of 264 days for the second period. But the State asserts that the District Court credited Pillans with surplus time during the first period because Pillans was not served with Bench Warrant 6 until April 26, 2022, rendering the length of the first period of incarceration 10 days instead of 22.

¶25    Arrest 7 was on April 13, 2022, and was in connection with an unrelated case that is not before us on appeal. At that time, Pillans was not being detained on any of the three cases before us on appeal, and he would not be detained on these cases until April 26, 2022, when the State petitioned the District Court for a third time to revoke Pillans's suspended sentence, and the District Court issued Bench Warrant 6 on that day. Pillans began accruing time on these cases upon the issuance of Bench Warrant 6. Pillans is entitled to a total of 274 days credit for time served between his first and second revocations.

*5. Total Credit for Time Served*

¶26     Consistent with the calculations reflected above, Pillans is entitled to the following credit for time served.

- DC-18-098: 372 days time served

- DC-18-298: 543 days time served

- DC-18-329: 517 days time served

¶27     *Issue 2: Whether the District Court erred when it calculated Pillans's credit for elapsed time.*

¶28     Section 46-18-203(7)(b), MCA, provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time, consult the records and recollection of the probation and parole officer, and allow all of the elapsed time served without any record or recollection of violations as a credit against the sentence.

"[I]t is . . . insufficient for a district court to base a denial of street time credit solely on a 'pattern' of criminal behavior." *State v. Jardee*, 2020 MT 81, ¶ 11, 399 Mont. 459, 461 P.3d 108. Instead, "the records and recollection of the probation and parole officer" must contain "specific violations" that occurred in the period for which the district court denies elapsed time credit. *State v. Gudmundsen*, 2022 MT 178, ¶ 13, 410 Mont. 67, 517 P.3d 146. "The defendant is statutorily entitled to the credit unless specific violations *during the times in question* are demonstrated." *Gudmundsen*, ¶ 14 (emphasis added).

¶29     Pillans asserts that the records and recollections of Officer McLeod regarding the time period between May 11, 2021, and June 30, 2021, do not contain sufficiently specific violations to support the District Court's denial of elapsed time credit for those 50 days.

13

The State responds that the record contains evidence that during the relevant period, Pillans tampered with his SCRAM, failed to complete the Day Reporting Program until the end of June, and had been "inconsistent with his attendance" at mandated psychiatric treatment.

¶30    The record does not support the State's contention that Pillans tampered with his SCRAM during the relevant period.  Officer McLeod's Report of Violation ("ROV") states that Pillans completed his SCRAM monitoring on May 11, 2021, the day the relevant period began.  Nor does the record support the State's contention that Pillans's completion of the Day Reporting Program was a violation.  The ROV states that Pillans was referred to the program on February 10, 2021, and that he completed it on June 29, 2021.  Neither the ROV nor Officer McLeod's testimony at the revocation hearing indicate that Pillans failed to engage with the program or failed to complete it within a prescribed period.

¶31    The ROV does state that on June 30, 2021, Pillans's psychologist reported that Pillans had been "inconsistent with his attendance" at mental health counseling and anger management courses.  The ROV states that Pillans had been involved in counseling "[s]ince starting supervision" on January 23, 2020.  But it is not clear from the face of the ROV when Pillans's inconsistent attendance took place, and Officer McLeod's testimony did not add any specificity.  The record does not contain sufficient evidence of "specific violations *during the times in question*" to demonstrate that Pillans was not entitled to credit for elapsed time between May 11, 2021, and June 30, 2021.  *Gudmundsen*, ¶ 14 (emphasis added).  Pillans is entitled to an additional 50 days of elapsed time credit for that period.

¶32 Pillans asserts that he is also entitled to an additional 42 days of elapsed time credit from March 1, 2022, through April 13, 2022. The State agrees, and the record does not reflect any violations took place during that time period. Therefore, Pillans is entitled to an additional 42 days of elapsed time credit.

## CONCLUSION

¶33 This matter is reversed and remanded to the District Court to grant Pillans credit for the following amounts of time:

- DC-18-098: 372 days time served, 21 months and 2 days elapsed time
- DC-18-298: 534 days time served, 21 months and 2 days elapsed time
- DC-18-329: 517 days time served, 21 months and 2 days elapsed time.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ LAURIE McKINNON

15